# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| *In re* Application of KARAM SALAH AL DIN AWNI AL SADEQ and STOKOE PARTNERSHIP SOLICITORS for an Order Under 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings. | Misc. Civil Action No. |

## *EX PARTE* APPLICATION FOR AN ORDER UNDER 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS

Based upon the concurrently filed Memorandum of Law, Declaration of Mark W. Merritt ("Merritt Declaration") with accompanying exhibits, and Declaration of Haralambos Tsiattalou ("Tsiattalou Declaration") with accompanying exhibits, Applicants Karam Salah Al Din Awni Al Sadeq ("Mr. Al Sadeq") and Stokoe Partnership Solicitors ("Stokoe", and together with Mr. Al Sadeq, the "Applicants"), pursuant to 28 U.S.C. § 1782 and Federal Rules of Civil Procedure 26 and 45, respectfully request that this court grant an Order granting the Applicants leave to serve the subpoenas annexed to the Merritt Declaration as Exhibit A and Exhibit B. Applicants request that the Court grant such leave *ex parte*.

The requested relief is for the purpose of obtaining limited, but necessary, discovery in aid of civil proceedings initiated by the Applicants and currently pending in the High Court of Justice of England and Wales, Queen's Bench Division

captioned: *Karam Salah Al Din Awni Al Sadeq v. Dechert, LLP, Neil Gerrard, David Hughes, and Caroline Black*, Claim No. QB-2020-000322 (the "Al Sadeq Litigation"), and *Stokoe Partnership Solicitors v. Mr. Patrick Tristram Finucane Grayson, Grayson + Co Limited, Mr. Stuart Robert Page, and Page Corporate Investigations Limited*, Claim No., QB-2020-002492 (the "Grayson Proceeding" which together with the "Al Sadeq Litigation," the "Foreign Proceedings"). Stokoe was also the claimant in concluded High Court proceedings captioned *Stokoe Partnership Solicitors v. Mr. Paul Robinson, Company Documents Limited, and Mr. Oliver Moon*, Claim No. QB-2020-002218 (the "Robinson Proceeding" which, together with the Grayson Proceeding are referred to as the "Hacking Claims").

In the Al Sadeq Litigation, Mr. Al Sadeq alleges that the defendants Dechert, LLP ("Dechert UK"), Neil Gerrard ("Gerrard"), David Hughes ("Hughes"), and Caroline Black ("Black"), committed serious wrongs against him in the course of an investigation undertaken by them, at the behest of the Ruler of Ras Al Khaimah ("RAK"), into alleged fraud committed by Dr. Khater Massaad ("Dr. Massaad"), Mr. Farhad Azima ("Mr. Azima"), and others, including Mr. Al Sadeq, against their former employer, the RAK Investment Authority ("RAKIA"). Mr. Al Sadeq has brought claims against the defendants in the Al Sadeq Litigation for breaches of UAE criminal law and procedure, the UAE Constitution, and breach of his human

rights as a matter of UAE and international law, and has sought damages stemming from, *inter alia*, his severe psychological and physical harm, pain and suffering, financial losses, and damage to reputation.

Following the initiation of the Al Sadeq Litigation, Mr. Al Sadeq's legal team, which includes Stokoe Partnership Solicitors (a firm of UK based solicitors) and 4 Stone Buildings (a UK based barristers' chambers), and others assisting the legal team, such as, Maltin Litigation Support Group (a legal public relations and litigation support group) and Detained in Dubai (a human rights advocacy organization) (collectively "Mr. Al Sadeq's Legal and Support Team"), has been subjected to a campaign intended to interfere with their ability to represent Mr. Al Sadeq and progress the proceedings on his behalf.  This has included being the target of an online hacking campaign, having received numerous spear phishing emails and SMS messages, and being the target of an intrusive surveillance carried out on Mr. Al Sadeq's Legal and Support Team whilst seeking to visit him in the UAE.  The campaign also included attempts to obtain confidential information from Stokoe Partnership's bank account and confidential information of others connected with the Foreign Proceedings.  As is relevant to this Application, Applicants have reason to believe that the defendants have and continue to engage in illegal information

3

gathering, including the use of hack-for-hire organizations, as they are believed to have done in connection with the defendants' related investigation of Mr. Azima.

In order to ascertain the identity of the individuals behind the unlawful conduct, which include hacking attempts and sophisticated cyber-attacks of Stokoe's IT system, and to put a stop to their unlawful conduct, Stokoe initiated the Hacking Claims. The individuals named as defendants in the Hacking Claims are engaged in the business of corporate intelligence gathering and were instructed to obtain confidential information, including financial records and banking information, regarding Mr. Al Sadeq's Legal and Support Team.

The Foreign Proceedings are ongoing, and Mr. Al Sadeq and Stokoe are engaged in the process of seeking further information and documents to support their Claims. As set forth in the accompanying Tsiattalou Declaration, Mr. Al Sadeq's Legal and Support Team has been the target of intrusive surveillance and a hacking campaign following the commencement of the Al Sadeq Litigation. It is believed that these concerted efforts are connected to the defendants in the Al Sadeq Litigation as part of their ongoing campaign of human rights abuses and attempts to interfere with Mr. Al Sadeq's access to legal representation. Thus, it is believed that Del Rosso and Vital Management have information, documents and material concerning the defendants' use of hack-for-hire companies in their related

investigations of other individuals, including Mr. Azima, and such information would provide Mr. Al Sadeq and Stokoe with necessary evidence to link the defendants to the hacking campaign aimed at Mr. Al Sadeq's Legal and Support Team and reveal the efforts that the defendants are willing to undertake to cover up their role in the human rights abuses committed against Mr. Al Sadeq.

The Applicants here meet all the statutory criteria for the issuance of an order allowing the requested discovery under 28 U.S.C. § 1782. The documents and testimony sought are directly relevant to the core issues in the Foreign Proceedings. As claimants in the Foreign Proceedings, Applicants are "interested persons." The targets of this discovery—Del Rosso and Vital Management—are located within this District. Moreover, as set forth in the Applicants' Memorandum of Law filed simultaneously herewith, the discretionary factors to be considered weigh in favor of granting this application. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004) (describing discretionary factors).

Applicants must obtain these materials as soon as possible for use in the ongoing Foreign Proceedings.

For these reasons, Mr. Al Sadeq and Stokoe respectfully request that this Court grant their Application for an order granting them leave to serve the named

witnesses with the subpoenas attached to the Merritt Declaration as Exhibit A and Exhibit B.

This 5th day of February, 2021.

/s/ Mark W. Merritt
Mark W. Merritt
N.C. Bar No. 12198
mmerritt@robinsonbradshaw.com

ROBINSON, BRADSHAW & HINSON, P.A.
101 N. Tryon St., Suite 1900
Charlotte, North Carolina 28246
Telephone: 704.377.2536
Facsimile: 704.378.4000

*Attorneys for Applicant Karam Salah Al Din Awni Al Sadeq and Stokoe Partnership Solicitors*