# EXHIBIT B

# UNITED STATES DISTRICT COURT
for the
Middle District of North Carolina

| | |
|---|---|
| In re Application of KARAM SALAH AL DIN AWNI AL SADEQ and STOKOE PARTNERSHIP SOLICITORS for an Order Under 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings. | ) ) ) ) ) ) Civil Action No. |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: Vital Management Services Inc., 318 Lystra Preserve Drive, Chapel Hill, North Carolina 27517

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Robinson Bradshaw & Hinson, P.A. 1450 Raleigh Road, Suite 100 Chapel Hill, North Carolina 27517 | Date and Time: |
|---|---|

The deposition will be recorded by this method: stenographically

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: SEE ATTACHED SCHEDULE "A"

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____    _____
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____, who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

---

# VITAL MANAGEMENT SERVICES INC. SUBPOENA SCHEDULE A

## A. Instructions

1. Each paragraph below shall operate and be construed independently; and, unless otherwise indicated, no paragraph limits the scope of any other paragraph.

2. Identify every document in this request that is withheld on any claim of privilege, work product or other immunity from production and for each such document state:

   a. the specific basis on which that document is being withheld;

   b. the date and subject matter of the document;

   c. the name and address of the author and/or originator of the document;

   d. the name and address of the recipient of the document.

3. The documents produced for inspection shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the paragraphs set forth below.

4. The party under subpoena should furnish any additional or supplemental documents subject to this Schedule "A" which are created or discovered after the original production of documents.

5. This Schedule "A" is intended to cover all documents in the possession of the party under subpoena or subject to his/her custody or control, including information in the possession, custody or control of his/her attorneys, accountants, investigators, experts, employees, agents and any other persons employed on his/her behalf, and not merely such information as is known of his/her own personal knowledge.

6. Whenever appropriate, the singular form of a word should be interpreted in the plural.

7. The relevant time period for this Subpoena, unless otherwise specified as to any specific request, shall be the period from January 1, 2015 to the date of your deposition.

## B. Definitions

1. "Document" or "documents" shall mean the original, or if the original is not in your custody or under your control, a copy thereof; and, in any event, the term includes any non-identical copy or copies which differ from the original for any reason (e.g., draft copy or copy containing notes thereon). "Document" further means any kind of printed, recorded, written, graphic or photographic matter (including tape recording), however printed, produced, reproduced, coded or stored, of any kind or description, whether sent or received, including originals, copies, reproductions, facsimiles, drafts, and including, without limitation: any writings, letters, telegrams, cables, telex messages, memoranda, correspondences, memoranda or notes of conferences or telephone conversations, reports, notices, studies, lists, work papers, routing slips, inter-office communications to, between or among directors, officers, agents, attorneys, accounts or employees, compilations of data, papers, books, records, accounts, contracts, deeds, leases, agreements, pictures, photographs, transcripts, minutes, tapes, microfilm, computer data files, printouts, vouchers, accounting statements, engineering diagrams, mechanical and electrical recordings, checks, deposit slips, reports and recordings of conversations, interviews, conferences, committee meetings or other meetings; affidavits, statements, summaries, opinions, court pleadings and reports, indices, studies, analyses, forecasts and evaluations; licenses, and agreements; invoices, notebooks, entries, ledgers, journals, books of record, accounts, summaries of accounts, balance sheets, income statements, questionnaires, answers to questionnaires, statistical records, advertisements, brochures, circulars, bulletins, pamphlets, trade letters, desk calendars, appointment books, diaries, telephone logs, expense accounts, lists, tabulations, data sheets, computer tapes and discs, magnetic tapes, punch cards, computer printouts, data processing input and output, computer files, computer programs, computer program coding sheets, microfilms, microfiche; models, photographs, drawings, sketches, blueprints, objects, and all other tangible things upon which any handwriting, typing, printing, drawing, representation, photostatic, or other magnetic or electrical impulses or other form of communication is recorded, stored or produced, including audio and video recordings and computer-stored information, whether or not in printout form, and things similar to any of the foregoing, regardless of their author or origin, however denominated by the person upon whom the request is made.

2. "You", "yours" or any variant thereof refers to the party under subpoena, the said party's agents, employees, servants, and representatives and any affiliates, subsidiaries, or related entities.

3. "Or" and "and" each mean "and/or". "All" shall be understood to include and encompass "any."

**VITAL MANAGEMENT SERVICES INC. SUBPOENA SCHEDULE A -** Page 2

4. "Refers and relates to," and "refers to" as used herein mean concerns, consists of, refers to, reflects, reflects on, shows or in any way is logically or factually connected with the matter discussed.

5. The word "communication" or any variant thereof, means any contact between two or more persons and shall include, without limitation, written contact by means such as letters, e-mails, text messages, memoranda, telegrams, telecopies or telexes, or by any document, and any oral contact such as face-to-face meetings and telephone conversations.

6. "Concerning," "evidencing" or "relating to" or any variant thereof includes referring to, supporting, located in, considered in connection with, bearing, bearing on, evidencing, indicating, reporting on, recording, alluding to, responding to, relating to, opposing, favoring, connected with, commenting on, in respect of, about, regarding, discussing, showing, describing, reflecting, analyzing, constituting and being.

7. "CyberRoot" means CyberRoot Risk Advisory Private Limited and all current and former employees, agents, representatives, subsidiaries, affiliates, assignees, or other persons acting or purporting to act on its behalf.

8. The time period applicable for each of these requests is July 1, 2015 through September 30, 2017, unless stated otherwise.

## DOCUMENTS REQUESTED

1. All documents evidencing payments made to CyberRoot, including but not limited to, bank statements and invoices.

2. Copies of all invoices and account statements provided to you by CyberRoot.

3. All documents, including communications, referring or relating to the payments made by you to CyberRoot.

4. All documents sufficient to identify the source of funds used to make payments to CyberRoot.

**VITAL MANAGEMENT SERVICES INC. SUBPOENA SCHEDULE A -** Page 3

5. All documents including, but not limited to, memoranda, notes, facsimiles, e-mails or other documents or communications which refer, relate to, evidence, or memorialize any meetings, discussions, or communications with CyberRoot.

6. All documents, including communications, which evidence the work product produced by CyberRoot on your behalf.

**VITAL MANAGEMENT SERVICES INC. SUBPOENA SCHEDULE A -** Page 4