# EXHIBIT I

Amended Claim Form under CPR 17.1(1) dated 30.09.2020



| In the | **HIGH COURT OF JUSTICE QUEEN'S BENCH DIVISION** |
|---|---|
| Fee Account no. | |
| Help with Fees – Ref. no. (if applicable) | H W F - ☐☐☐ - ☐☐☐ |

**Claim Form**

You may be able to issue your claim online which may save time and money. Go to www.moneyclaim.gov.uk to find out more.

| Claim no. | |
| Issue date | |

29 Jun 2020

QB-2020-002218

Claimant(s) name(s) and address(es) including postcode

STOKOE PARTNERSHIP SOLICITORS
Chancery House, 53/64 Chancery Lane, London, WC2A 1QU

Defendant(s) name and address(es) including postcode

(1)  PAUL ROBINSON
     6 Belvedere Walk, Haywards Heath, West Sussex RH16 4TD

(2)  COMPANY DOCUMENTS LTD
     28a Church Road, Burgess Hill, RH15 9AE

(3)  OLIVER MOON
     10 Heather Close, Copthorne, West Sussex, RH10 3PZ

Brief details of claim

1. The Claimant brings these proceedings against the First and Second Defendants for injunctive relief to restrain actual or threatened breaches of confidence, ancillary disclosure orders. The Claimant also seeks disclosure orders against all three Defendants pursuant to the principle expressed in *Norwich Pharmacal v. Customs and Excise Commissioners* [1974] AC 133 (HL).

2. The Claimant is a solicitors firm. It is presently instructed by Mr Karam Al-Sadeq in on-going High Court proceedings in Claim No. QB-2020-000322 (the "**Al Sadeq Litigation**").

For further details of the courts www.gov.uk/find-court-tribunal.
When corresponding with the Court, please address forms or letters to the Manager and always quote the claim number.

N1 Claim form (CPR Part 7) (06.16)
This form is reproduced from http://hmctsformfinder.justice.gov.uk/HMCTS/FormFinder.do and is subject to Crown copyright protection. Contains public sector information licensed under the Open Government Licence v3.0    © Crown Copyright 2016

Case 1:21-mc-00006-WO-LPA   Document 4-9   Filed 02/05/21   Page 2 of 5

|  Claim no. |   |
|---|---|

3. On/about 27.03.20 the Claimant became aware from information provided by the Third Defendant as a 'whistle-blower' that the Defendants had been instructed to obtain confidential information from the Claimant. In particular, so far as the Claimant is presently aware:

   a. On/about 02.04.20 the Defendants were instructed to obtain the banking co-ordinates of the Claimant. This instruction coincided with enquiries made in the course of the Al Sadeq Litigation concerning the source of funding in those proceedings.

   b. On/about 09.04.20 the Defendants were instructed to access the Claimant's business bank account and to obtain transactional data for the past three months. This period broadly coincided with the period that elapsed since the issue of the Claim Form in the Al Sadeq Litigation.

   c. On/about 21.04.20 the Defendants were instructed to obtain information as to the "*movements in and out of Dubai – for Feb 2020*" of the partner of the Claimant with conduct of the Al Sadeq Litigation. This period broadly coincided with the period during which he travelled to the United Arab Emirates in connection with the Al Sadeq Litigation. On one or more of those occasions, the solicitor was the subject of covert surveillance.

4. The Defendants' instructions to obtain confidential information from the Claimant followed from earlier instructions to obtain information from other persons connected to the Al Sadeq Litigation. In particular, so far as the Claimant is presently aware:

   a. In/about October to December 2019, the Defendants were instructed to obtain information about Ms Radha Stirling, who is a human rights advocate assisting Mr Al Sadeq.

   b. In/about February and March 2020, the Defendants were instructed to obtain financial records and monthly transactional data from a bank account held by Maltin PR, which is a public relations entity assisting Mr Al Sadeq.

5. So far as the Claimant is presently aware, at all material times the Defendants communicated using anonymised and encrypted electronic communications including: (i) Threema messages; (ii) an email account: 'duedilligence@husmail.com' believed to be held by the First and/or Second Defendants; and (iii) an email account 'fairydust1998@protonmail.ch' believed to be held by the Third Defendant and another individual whose identity is presently unknown to the Claimant.

6. In response to the information provided by the Third Defendant, the Claimant has taken steps to trace the public IP addresses used to request access to its confidential information.

| Claim no. | |
|---|---|

7. The Claimant believes that, unless restrained, the First and/or Second Defendants may make further attempts to access the Claimant's confidential information and/or may disclose information that has already been obtained from the Claimant. The Claimant therefore applies for injunctive relief against those Defendants together with other orders.

8. In addition, by this action, the Claimant applies for *Norwich Pharmacal* orders against all Defendants requiring them to swear affidavits providing full information as to (a) the identity of the persons ultimately providing them with instructions; (b) the extent of the confidential information that has already been obtained from the Claimant; and (c) the identity of all persons to whom the Defendants have passed on the Claimant's confidential information.

9. The Claimants believe that it is just and convenient in all the circumstances to make interim and final orders in these terms.

AND THE CLAIMANT CLAIMS:

FROM THE FIRST AND SECOND DEFENDANTS
(1) Injunctive relief;
(2) Declaratory relief;
(3) *Norwich Pharmacal* disclosure orders;
(4) Damages in an amount to be assessed;
(5) Costs; and
(6) Such further or other relief as the Court may think just.

FROM THE THIRD DEFENDANT
(1) *Norwich Pharmacal* disclosure orders
(2) Such further or other relief as the Court may think just.

Value: The Claimant cannot presently say how much is likely to be recovered in any damages.

You must indicate your preferred County Court Hearing Centre for hearings here *(see notes for guidance)*

| Defendant's name and address for service including postcode | See above | | £ |
|---|---|---|---|
| | | Amount claimed | TBA |
| | | Court fee | 5528.00 |
| | | Legal representative's costs | TBA |
| | | **Total amount** | |

| Claim No. | |
|---|---|

Does, or will, your claim include any issues under the Human Rights Act 1998?  [ ] Yes [X] No

Particulars of Claim to follow.

**Statement of Truth**
*The Claimant believes that the facts stated in these brief details of claim are true. I understand that proceedings for contempt of court may be brought against anyone who makes, or causes to be made, a false statement in a document verified by a statement of truth without an honest belief in its truth.

*I am duly authorised by the claimant to sign this statement

Full name  **HARALAMBOS TSIATTALOU**

Name of claimant's legal representative's firm **STOKOE PARTNERSHIP SOLICITORS**

signed _____ position or office held **PARTNER**
(if signing on behalf of firm or company)
(Claimant's legal representative)

*delete as appropriate

Stokoe Partnership Solicitors
Chancery House
53/64 Chancery Lane
London WC2A 1QU
Tel: 020 3427 5710 Fax: 020 3427 5711
DX167 Chancery Lane

Claimant's or claimant's legal representative's address to which documents or payments should be sent if different from overleaf including (if appropriate) details of DX, fax or e-mail.