# EXHIBIT J

**IN THE HIGH COURT OF JUSTICE**     Claim No. QB-2020-002218

**QUEEN'S BENCH DIVISION**

**BEFORE THE HONOURABLE MR JUSTICE CHAMBERLAIN**

**DATED 7 JULY 2020**

**BETWEEN:**

          **STOKOE PARTNERSHIP SOLICITORS**     **Claimant**

- and -

(1) **PAUL ROBINSON**

(2) **COMPANY DOCUMENTS LTD**

(3) **OLIVER MOON**     **Defendants**

---

**ORDER**

---

**PENAL NOTICE**

**IMPORTANT**

IF YOU PAUL ROBINSON, COMPANY DOCUMENTS LIMITED, AND OLIVER MOON DISOBEY THIS ORDER YOU MAY BE HELD TO BE IN CONTEMPT OF COURT AND YOU, OR YOUR DIRECTORS, MAY BE SENT TO PRISON, FINED, OR HAVE YOUR ASSETS SEIZED.

**UPON** the Claimant and the Defendants compromising: (i) the claims in the Amended Claim Form dated 29 June 2020; and (ii) the Claimant's applications made by Application Notice dated 29 June 2020 on the terms recorded in this Order save for paragraph 3 below;

**AND UPON** the Court making the order at paragraph 3 below as to the use of the information supplied by the Defendants;

**IT IS ORDERED THAT:**

***Disclosure and Provision of Information***

1. By no later than 4:30pm on 7 July 2020, the First Defendant shall swear an affidavit stating on oath:

    1.1. the identity of any person who has requested the First and/or Second Defendants to obtain Confidential Information from the Claimant;

    1.2. (i) the manner in which the communication took place, (ii) the gist of the requests made, (iii) whether the requests were in writing, and (iv) if in writing, providing a copy if one exists in the possession or control of the First and/or Second Defendants;

    1.3. what, if any, Confidential Information originating from the Claimant was obtained; and

    1.4. the use, if any, of the Confidential Information, identifying any person to whom it has been provided and in respect of each such person, stating: (i) when, (ii) where, and (iii) how the Confidential Information was provided and (iv) for what purpose.

2. By no later than 4:30pm on 10 July 2020, the Third Defendant shall swear an affidavit stating on oath:

    2.1. the identity of any person who has requested him to obtain Confidential Information from the Claimant;

    2.2 (i) the manner in which the communication took place, (ii) the gist of the requests made, (iii) whether the requests were in writing, and (iv) if in writing, providing a copy if one exists in the possession or control of the First

and/or Second Defendants;

2.2. what, if any, Confidential Information originating from the Claimant was obtained; and

2.3. the use, if any, of the Confidential Information, identifying any person to whom it has been provided and in respect of each such person, stating: (i) when, (ii) where, and (iii) how the Confidential Information was provided and (iv) for what purpose.

3. The Claimant is permitted to use the information and documents provided by the Defendants for the purpose of legal proceedings (if so advised) to identify, trace and seek damages against other wrongdoers, to protect its confidential information and to trace its use, and to seek damages or such other relief as the Court may think fit.

*Injunction*

4. The First and Second Defendants shall not seek unlawfully to obtain Confidential Information as defined in paragraph 6 below from the Claimant.

5. The First and Second Defendants shall not use, publish, communicate or disclose to any other person any Confidential Information as defined in paragraph 6 below, other than: (i) by way of disclosure to legal advisers instructed in relation to these legal proceedings for the purpose of obtaining legal advice in relation to these proceedings; (ii) for the purpose of carrying this Order into effect; (iii) with the written permission of the Claimant; or (iv) with permission of the Court.

6. For the purpose of this Order:

6.1. "Confidential Information" shall mean any information sourced or derived, in whole or in part, from any document, whether paper or electronic, that has been obtained from the Claimant without its authority and is either designated as confidential, or is evidently confidential by reason of its subject-matter or the manner in which it has been obtained.

6.2. "Confidential Information" shall include, but shall not be limited to: (i) the Claimant's banking records, accounts and statements; (ii) the Claimant's telephone records, accounts and statements and (iii) documents which have not been published and which, on their face, relate to the conduct of legal proceedings on behalf of Mr Karim Al Sadeq.

### Stay against Defendants

7. All further proceedings against the First, Second and Third Defendants in this action shall be stayed on the terms of this Order save for the purpose of enforcing the terms of this Order.

8. Each party shall have liberty to apply to the Court to enforce the terms of this Order without the need to bring a new claim.

### Confidentiality

9. No person shall obtain a copy of the confidential exhibit to the witness statement of Haralambos Tsiattalou dated 29 June 2020 without the permission of a High Court Judge. Any such application shall be made on no less than 3 clear days' notice in writing to all parties to this action.

***Costs***

10. There shall be no order as to costs.

***Interpretation***

11. A Defendant who is an individual who is ordered not to do something must not do it himself or in any other way. He must not do it through others acting on his behalf or on his instructions or with his encouragement.

12. In this Order the words "he", "him" or "his" include "she" or "her" and "it" or "its".