# EXHIBIT L



**Claim Form**

| In the High Court of Justice Queen's Bench Division | |
|---|---|
| **Fee Account no.** | |
| **Help with Fees – Ref. no.** (if applicable) | H W F - ☐☐☐ - ☐☐☐ |

You may be able to issue your claim online which may save time and money. Go to **www.moneyclaim.gov.uk** to find out more.

| Claim no. | |
|---|---|
| Issue date | |

16 Jul 2020

QB-2020-002492

**SEAL**

Claimant(s) name(s) and address(es) including postcode

STOKOE PARTNERSHIP SOLICITORS
Chancery House, 53/64 Chancery Lane, London WC2A 1QU

Defendant(s) name and address(es) including postcode

(1)  MR PATRICK TRISTRAM FINUCANE GRAYSON
     3 Rosenau Crescent, London SW11 4RY

(2)  GRAYSON + CO. LIMITED
     Ground Floor, Unit 501 Centennial Park, Centennial Avenue, Elstree, Borehamwood,
     Hertfordshire WD6 3FG

(3)  MR STUART ROBERT PAGE
     14 Montpellier Road, London W5 2QP

(4)  PAGE CORPORATE INVESTIGATIONS LIMITED
     Room 213a, Boundary House, Boston Road, Hanwell, London W7 2QE

For further details of the courts www.gov.uk/find-court-tribunal.
When corresponding with the Court, please address forms or letters to the Manager and always quote the claim number.

**N1** Claim form (CPR Part 7) (06.16)

This form is reproduced from *http://hmctsformfinder.justice.gov.uk/HMCTS/FormFinder.do* and is subject to Crown copyright protection.  Contains
public sector information licensed under the Open Government Licence v3.0                                                    © Crown Copyright 2016

Brief details of claim

1. The Claimant seeks remedies relating to unauthorised access to its confidential information in breach of confidence. The Claimant claims: (a) injunctive relief to restrain actual or threatened breaches of confidence; (b) ancillary disclosure orders; (c) damages to be assessed; (d) disclosure orders pursuant to the principle expressed in *Norwich Pharmacal v. Customs and Excise Commissioners* [1974] AC 133; (e) costs; (f) further or other relief.

2. The Claimant is a firm of solicitors. It is presently instructed by Mr Karam Al Sadeq in on-going High Court proceedings in Claim No. QB-2020-000322 (the "**Al Sadeq Litigation**").

3. On/about 27.03.20 the Claimant became aware from information provided by Mr Oliver Moon that Mr Paul Robinson (and/or Company Documents Limited, of which Mr Robinson is a director) had been instructed to obtain confidential information from the Claimant. In particular:

   a. On/about 02.04.20: Instructions to obtain the banking co-ordinates of the Claimant. These instructions coincided with enquiries made in the course of the Al Sadeq Litigation concerning the source of funding in those proceedings.

   b. On/about 09.04.20: Instructions to access the Claimant's business bank account and to obtain transactional data for the past three months. This period broadly coincided with the period that elapsed since the issue of the Claim Form in the Al Sadeq Litigation.

   c. On/about 21.04.20: Instructions to obtain information as to the "*movements in and out of Dubai - for Feb 2020*" of the partner of the Claimant with conduct of the Al Sadeq Litigation. This period broadly coincided with the period during which he travelled to the United Arab Emirates in connection with the Al Sadeq Litigation. On one or more of those occasions, the solicitor was the subject of covert surveillance.

4. These instructions to Mr Robinson (and/or Company Documents Limited) followed from earlier instructions to obtain information from other persons connected to the Al Sadeq Litigation. In particular, so far as the Claimant is presently aware:

   a. In/about October to December 2019: Instructions to obtain information about Ms Radha Stirling of Detained in Dubai, which is a human rights advocacy organisation assisting Mr Al Sadeq.

   b. In/about February and March 2020: Instructions to obtain financial records and monthly transactional data from a bank account held by Maltin PR, which is a public relations and litigation support entity assisting the Claimant with the Al Sadeq Litigation.

5. In response to the information provided by Mr Moon, the Claimant took steps to trace the public IP addresses used to request access to its confidential information and commenced High Court proceedings under claim number QB-2020-002218 for (in particular) disclosure orders against Mr Robinson and Company Documents Limited to identify their ultimate clients.

6. As to the involvement of the First and Second Defendants in seeking and/or accessing the Claimant's confidential information, in breach of confidence, the Claimant relies in particular on the following facts and matters:

   a. Mr Robinson provided an affidavit dated 6 July 2020 identifying the First Defendant as the source of his instructions to obtain confidential information, and admitting that Mr Robinson had provided confidential information of the Claimant to the First Defendant in hard copy, on USB stick and by encrypted email.

   b. The First Defendant is a director of the Second Defendant, which is understood to be the company through which the First Defendant provides investigation services.

7. As to the involvement of the Third and Fourth Defendants in seeking and/or accessing the Claimant's confidential information, in breach of confidence, the Claimant relies in particular on the following facts and matters:

    a. A public IP address used to access the Claimant's confidential information has been geolocated to an address in the vicinity of the premises at 5-8 Sanctuary, London SW1P 3JS which were at material times the address of both the Third and Fourth Defendants.

    b. The Third Defendant is an investigation agent who has admitted being instructed by the ruler of the Emirate in which the Claimant's client Mr Al Sadeq is detained.

    c. The Fourth Defendant is a company providing investigation services of which the Third Defendant is a director.

    d. The Claimant's lawyers saw the Third Defendant at close quarters at their hotel in Dubai when they were working on the Al Sadeq Litigation. They believe that the Third Defendant and/or his associates were at the time surveilling them.

    e. Mr Robinson has admitted to working with the Third Defendant on more than one occasion, and to contacting the Third Defendant upon receipt of the papers in claim number QB-2020-002218. The Third Defendant offered to assist Mr Robinson with funding a lawyer in connection with defending that claim.

8. The Claimant believes that there was an unlawful means conspiracy in which some or all of the Defendants participated, together with Messrs Moon, Gunning and/or Robinson.

9. The Claimant believes that, unless restrained, the Defendants may make further attempts to access the Claimant's confidential information and/or may disclose information that has already been obtained from the Claimant. The Claimant therefore applies for injunctive relief against them together with other orders.

10. In addition, by this action, the Claimant applies for *Norwich Pharmacal* orders against the Defendants requiring them to swear affidavits providing full information as to (a) the identity of the persons ultimately providing them with instructions; (b) the extent of the confidential information that has already been obtained from the Claimant; and (c) the identity of all persons to whom the Defendants have passed on the Claimant's confidential information.

11. The Claimants believe that it is just and convenient in all the circumstances to make interim and final orders in these terms.

AND the Claimant claims:

(1) Injunctive relief;
(2) *Norwich Pharmacal* disclosure orders;
(3) Damages in an amount to be assessed;
(4) Costs; and
(5) Such further or other relief (including declaratory relief) as the Court may think just.

Value

The Claimant cannot presently say how much is likely to be recovered in any damages but it will not exceed £100,000.

You must indicate your preferred County Court Hearing Centre for hearings here *(see notes for guidance)*

| Defendant's name and address for service including postcode | (as above) | | £ |
| --- | --- | --- | --- |
| | | Amount claimed | TBA |
| | | Court fee | £5,528.00 |
| | | Legal representative's costs | TBA |
| | | **Total amount** | TBA |

Does, or will, your claim include any issues under the Human Rights Act 1998?  [ ] Yes  [X] No

Particulars of Claim (attached)(to follow)

---

**Statement of Truth**

*(I believe)(The Claimant believes) that the facts stated in these brief details are true. I understand that proceedings for contempt of court may be brought against anyone who makes, or causes to be made, a false statement in a document verified by a statement of truth without an honest belief in its truth.

* I am duly authorised by the claimant to sign this statement

Full name   Haralambos Tsiattalou

Name of claimant's legal representative's firm   Stokoe Partnership Solicitors

signed _____   position or office held   Partner
*(Claimant)(Litigation friend)                                    (if signing on behalf of firm or company)
(Claimant's legal representative)

                                                                                    *delete as appropriate

---

Stokoe Partnership Solicitors
Chancery House
53/64 Chancery Lane
London WC2A 1QU
Tel.: 020 3427 5710
Fax: 020 3427 5711
DX167 Chancery Lane

Claimant's or claimant's legal representative's address to which documents or payments should be sent if different from overleaf including (if appropriate) details of DX, fax or e-mail.