# EXHIBIT F



# ALLEN & OVERY
Legal Consultants

**By Email**

Stephenson Harwood LLP
1 Finsbury Circus
London
EC2M 7SH
For the attention of John Fordham
John.Fordham@shlegal.com

Allen & Overy LLP
11th Floor, Burj Daman Building
Al Mustaqbal Street
Dubai International Financial Centre
PO Box 506678
Dubai, United Arab Emirates

Tel     +971 (0)4 4267100
Fax    +971 (0)4 4267199

Our ref     YF/0126062-0000004 DBO1: 2000543412.1

16 September 2020

Dear Sir or Madam

**Mr Stuart Page**

1. We understand from Mr Jamie Buchanan that your client, Mr Stuart Page, has made a number of statements in communications that he had with Mr Buchanan in August and September 2020 that appear to refer to our clients, the Ruler and the Government of Ras Al Khaimah.

2. We also understand that Mr Buchanan informed your client that Mr Buchanan had obligations to report such statements to representatives of our clients. Accordingly, we note that your client may have intended that his statements would be relayed to our clients.

3. Our clients are concerned to understand what information your client intended to relay by his statements to Mr Buchanan. In particular, we should be grateful if your client would provide us with his explanation for the following statements:

    (a) your client referred to English High Court proceedings that have been commenced against him by Stokoe Partnership Solicitors and said: "*if I have to implicate Nick / Patrick, Decherts, Neil and the boss to get me out of this I will.*" We understand that your client's reference to "*the boss*" is intended to be a reference to the Ruler.

    Please can your client explain what information, facts or evidence your client had in mind and how he believes this implicates or otherwise relates to the Ruler.

    (b) your client sent Mr Buchanan a Financial Times article titled "*FBI investigates deaths of mining executives in UK corruption probe*" and said "*The boss should see this*".

    Please can your client explain why he wanted the Ruler to see this article.

    (c) your client said: "*what with the boss refusing to cover my costs I wish quite frankly I took the ENRC offer*".

Allen & Overy LLP is a limited liability partnership registered in England and Wales with registered number OC306763. It is authorised and regulated by the Solicitors Regulation Authority of England and Wales. The term partner is used to refer to a member of Allen & Overy LLP or an employee or consultant with equivalent standing and qualifications. A list of the members of Allen & Overy LLP and of the non-members who are designated as partners is open to inspection at its registered office, One Bishops Square, London E1 6AD and at the above address.

Allen & Overy LLP or an affiliated undertaking has an office in each of: Abu Dhabi, Amsterdam, Antwerp, Bangkok, Barcelona, Beijing, Belfast, Bratislava, Brussels, Budapest, Casablanca, Dubai, Düsseldorf, Frankfurt, Hamburg, Hanoi, Ho Chi Minh City, Hong Kong, Istanbul, Jakarta (associated office), Johannesburg, London, Luxembourg, Madrid, Milan, Moscow, Munich, New York, Paris, Perth, Prague, Riyadh (cooperation office), Rome, São Paulo, Seoul, Shanghai, Singapore, Sydney, Tokyo, Warsaw, Washington, D.C. and Yangon.

Please can your client explain what he is referring to as "*the ENRC offer*".

(d) your client said: "*As you know our mutual friend is here can we please meet, not only to discuss this issue but to discuss a business opportunity which the boss will really be interested in*".

Please can your client confirm who he is referring to as "our mutual friend" and what he is referring to as the "*business opportunity*".

(e) your client made a number of statements as to his intended future conduct including:

(i) "*FYI I am planning to go and see Alex Ibragimov as soon as I can to ask him what he wants from me to back off and leave me alone*";

(ii) "*regrettably Jamie I would have to say you know Nick and Patrick and that Nick was retained long before me and reported to at least in part to Neil.*"; and

(iii) "*I will stand my ground if I am supported I will not if I am quite frankly treated this way*".

Please can you client confirm whether any of the above statements were intended to relate to the Ruler or the Government of Ras Al Khaimah; and, if 'yes', please can your client explain what his intended actions were/are in respect of each relevant statement.

4. We note that some of your client's messages to Mr Buchanan appear to refer to our communications in respect of your client's request that our clients fund his legal costs. As we have discussed previously (e.g. in the telephone calls between Mr Francis of our office and Mr Fordham of your office on 15 and 17 July 2020): our clients rejected your client's request and noted that the legal proceedings against your client have nothing to do with our clients; and, your client has confirmed that he has never been instructed by our clients to do any work in relation to Karam Al Sadeq, nor his lawyers, nor the proceedings that have been brought against Neil Gerrard and Dechert (amongst others).

5. In view of the messages that your client has sent to Mr Buchanan (as described above), our clients are concerned that your client should not engage in any communications with third parties or otherwise take any steps that would breach his obligations under the agreement dated 15 June 2020 (the **Agreement**, a copy of which is enclosed). It should be clear that, whilst our clients are concerned to protect their confidential information, our clients have no wish to restrict your client's ability to defend himself in any of the legal proceedings that have been commenced against him. This should not be an issue since, as noted above, the proceedings against your client do not have anything to do with our clients. In any event, the Agreement sets out the agreed process that must be followed in the event that your client is requested or obliged to disclose any of our clients' confidential information. We would also note, for the avoidance of doubt, that there is no restriction on your client's ability to make a legitimate report to any relevant criminal authority or regulator.

6. In order to avoid any misunderstanding, please can your client confirm whether he has complied with his obligations under the Agreement to date. We should also be grateful if your client would also confirm that he will continue to comply with his obligations under the Agreement going forward.

7. Finally, we refer to our email dated 2 September 2020, and our repeated request that your client confirms that he will refrain from seeking to make contact with the Ruler directly or through any third parties. We should be grateful if your client would respond to that request, noting that your client should send any communications that he wishes to send to the Ruler to Allen & Overy LLP as the relevant legal representative (marked for the attention of Yacine Francis).

Yours faithfully

*Allen & Overy LLP signature*

**Allen & Overy LLP**
Encl

0126062-0000004 DBO1: 2000543412.1				3

Case 1:21-mc-00006-UA-LPA   Document 6-6   Filed 05/12/21   Page 4 of 4