IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| In re Application of KARAM SALAH AL DIN AWNI AL SADEQ and STOKOE PARTNERSHIP SOLICITORS for an Order Under 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings. | 1:21-mc-6 |

**ORDER**

Nicholas Del Rosso and Vital Management Services, Inc. (collectively "Objectors") have filed an objection to two orders issued by the Magistrate Judge. (Doc. 21.) Initially in this proceeding, the Magistrate Judge issued an order granting an ex parte application filed by Karam Salah Al Din Awni Al Sadeq and Stokoe Partnership Solicitors (collectively "Applicants"), (Doc. 1), pursuant to 28 U.S.C. § 1782 to conduct discovery for use in a foreign proceeding. (Doc. 7.) The order permitted Applicants to serve subpoenas compelling deposition testimony on Nicholas Del Rosso and Vital Management Services, Inc. (Id. at 42.) Following service of those subpoenas, Objectors filed a motion to quash the subpoenas or, alternatively, for a protective order. (Doc. 14.) The Magistrate Judge entered an order denying the motion to quash. (Doc. 20.) Objectors filed an objection to the Magistrate Judge's order. (Doc. 21.)

Objectors raise four grounds in objection to the Magistrate Judge's orders: (1) the Magistrate Judge lacked authority to grant the application requesting discovery pursuant to 28 U.S.C. § 1782, (Doc. 21 at 12-20);[1] (2) the requested discovery is plainly irrelevant to the foreign proceeding and does not satisfy the "for use" requirement of 28 U.S.C. § 1782, (id. at 20-25); (3) the subpoenas should be narrowed, (id. at 26-28), and (4) the Magistrate Judge should have excluded the Robinson affidavit and should not have relied upon hearsay evidence, (id. at 28-30).

For the reasons set forth herein, this court finds the Magistrate Judge's order is not clearly erroneous or contrary to law. The objections are overruled, and the Magistrate Judge's orders are affirmed.[2]

## I. AUTHORITY OF THE MAGISTRATE JUDGE TO ISSUE AN ORDER PERMITTING DISCOVERY PURSUANT TO 28 U.S.C. § 1782

28 U.S.C. § 1782 provides:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing

---

[1] All citations in this Order to documents filed with the court refer to the page numbers at the bottom right-hand corner of the documents as they appear on CM/ECF.

[2] Because of the nature of the objection to the authority of the Magistrate Judge, this court has, in the alternative, conducted a de novo review of those matters objected to by Objectors. Under that standard, this court would overrule the objections and adopt the orders of the Magistrate Judge if those orders should be construed as recommendations.

>     for use in a proceeding in a foreign or international
>     tribunal, including criminal investigations conducted
>     before formal accusation.

28 U.S.C. § 1782(a). Pursuant to this statute, the Magistrate Judge first issued an order granting Applicants' request for deposition subpoenas, (Doc. 7), and subsequently issued an order denying Objectors' motion to quash those subpoenas, (Doc. 20). Objectors contend that the Magistrate Judge lacked the authority to grant the original § 1782 application and the authority to deny the motion to quash because both matters are dispositive.

28 U.S.C. § 636 authorizes the Magistrate Judge to issue an order or recommendation as follows:

>     (A) a judge may designate a magistrate judge to hear
>     and determine any pretrial matter pending before the
>     court, except a motion for injunctive relief, for
>     judgment on the pleadings, for summary judgment, to
>     dismiss or quash an indictment or information made by
>     the defendant, to suppress evidence in a criminal case,
>     to dismiss or to permit maintenance of a class action,
>     to dismiss for failure to state a claim upon which
>     relief can be granted, and to involuntarily dismiss an
>     action. A judge of the court may reconsider any
>     pretrial matter under this subparagraph (A) where it
>     has been shown that the magistrate judge's order is
>     clearly erroneous or contrary to law.
>
>     (B) a judge may also designate a magistrate judge to
>     conduct hearings, including evidentiary hearings, and
>     to submit to a judge of the court proposed findings of
>     fact and recommendations for the disposition, by a
>     judge of the court, of any motion excepted in
>     subparagraph (A), of applications for posttrial relief
>     made by individuals convicted of criminal offenses and
>     of prisoner petitions challenging conditions of
>     confinement.

28 U.S.C. § 636(b)(1). Additionally, 28 U.S.C. § 636(b)(3) provides that "[a] magistrate judge may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States." 28 U.S.C. § 636(b)(3).

Relatedly, Fed. R. Civ. P. 72 also discusses the Magistrate Judge's authority to determine certain pretrial matters:

> (a) Nondispositive Matters. When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.
>
> (b) Dispositive Motions and Prisoner Petitions.
>
>> (1) Findings and Recommendations. A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense or a prisoner petition challenging the conditions of confinement. A record must be made of all evidentiary proceedings and may, at the magistrate judge's discretion, be made of any other proceedings. The magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact. The clerk must promptly mail a copy to each party.

Fed. R. Civ. P. 72(a)-(b)(1).

Objectors contend "that proceedings related solely to requests for evidence are 'dispositive' and 'not [] 'pretrial

- 4 -

matter[s]' — and therefore must be decided by a district court or judge — if they 'set forth all of the relief requested.'" (Doc. 21 at 12-13 (quoting Aluminum Co. of Am., Badin Works, Badin, N.C. v. EPA, 663 F.2d 499, 501 (4th Cir. 1981) [hereinafter, ALCOA]).) If Objectors are correct, then Applicants' § 1782 application and Objectors' motion to quash, upon referral to the Magistrate Judge, required the Magistrate Judge to issue a recommendation in accordance with 28 U.S.C. § 636(b)(1)(B), rather than an order.

Objectors rely on ALCOA to argue that the Applicants' motion "set forth all of the relief requested," so it was not a "pretrial matter." See 663 F.2d at 501 ("The judge could not have referred Alcoa's motion, therefore, under § 636(b)(1)(A). The motion was not a 'pretrial matter' but set forth all of the relief requested. The magistrate certainly treated it as dispositive.") (footnote omitted). However, in concluding that the § 1782 application and the motion to quash were subject to an order, rather than requiring a recommendation, the Magistrate Judge distinguished ALCOA, relying instead on the majority view described in In re Pons, 614 F. Supp. 3d 1134, 1141 (S.D. Fla. Apr. 13, 2020), and In re Hulley Enters. Ltd., 400 F. Supp. 3d 62, 71 (S.D.N.Y. 2019). (See Doc. 20 at 57-58.)

- 5 -

Case 1:21-mc-00006-WO-LPA   Document 24   Filed 05/10/23   Page 5 of 15

Even so, Objectors disagree with the Magistrate Judge's analysis in the order

> because [the Magistrate Judge] failed to apply (or even mention) the relevant standard under ALCOA. The Magistrate Judge dismissed ALCOA's relevance, appearing to view it only for the proposition that administrative search warrants and subpoenas must be decided by a district judge.

(Doc. 21 at 15 (internal citations omitted).) This court does not find Objectors' criticism either fair or persuasive. The Magistrate Judge very thoughtfully explained why the ex parte administrative subpoena in ALCOA is distinguishable from a § 1782 subpoena seeking discovery for use in a foreign proceeding, thus distinguishing ALCOA in the present case. (See Doc. 20 at 58–59.) Objectors also mischaracterize the Magistrate Judge's analysis. Contrary to Objectors' argument, the Magistrate Judge's analysis distinguishing ALCOA is not without merit.

First, in ALCOA, there was no evidence of "a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation." See 28 U.S.C. § 1782. Instead, the administrative search warrant issued in ALCOA allowed "the EPA to inspect Alcoa's Badin Works to determine whether the facility was in compliance with the provisions of the Clean Air Act," and the warrant "authorized the EPA's authorized consultant-representatives to conduct an inspection." 663 F.2d at 500.

Second, even assuming, as Objectors argue, that § 1782 only requires that "'adjudicative proceedings' be 'within reasonable contemplation,'" (Doc. 21 at 17 (citing Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241 (2004))), in ALCOA, there was no contemplated proceeding comparable to that described in Intel. Compare ALCOA, 663 F.2d at 500 (explaining that the EPA sought an administrative search warrant to determine ALCOA's compliance with the Clean Air Act), with Intel Corp., 542 U.S. at 254–55, 258–59 (explaining that AMD sought a § 1782 order to obtain materials related to a complaint filed with the European Commission, which acts as a "first-instance decisionmaker"). The Supreme Court discussed the reasonably contemplated proceeding that would support a § 1782 application in Intel as follows:

> [W]e reject the view . . . that § 1782 comes into play only when adjudicative proceedings are "pending" or "imminent." Instead, we hold that § 1782(a) requires only that a dispositive ruling by the Commission, reviewable by the European courts, be within reasonable contemplation. See Smit, International Litigation 1026 ("It is not necessary . . . for the [adjudicative] proceeding to be pending at the time the evidence is sought, but only that the evidence is eventually to be used in such a proceeding.").

Intel Corp., 542 U.S. at 259 (cleaned up). Objectors cannot point to any proceeding, contemplated or otherwise, in ALCOA.

Beyond ALCOA, Objectors offer little authority in support of their position. Objectors cite a concurring opinion from Khrapunov v. Prosyankin, 931 F.3d 922 (9th Cir. 2019), (Doc. 21

- 7 -

at 13-14), for the proposition that a § 1782 application "set[s] forth all of the relief requested" and that this is a dispositive matter "because [t]he ultimate relief sought in a § 1782 application is court-order discovery," (id. at 13 (citing Khrapunov, 931 F.3d at 931, (Callahan, J., concurring))). However, the analysis of the Magistrate Judge's authority set forth in the concurring opinion in Khrapunov that Objectors rely upon is not relevant to the holding; the majority opinion remanded the case for "additional fact-finding about the nature of the English proceeding," Khrapunov, 931 F.3d at 926 (cleaned up), and ultimately did not address the issue of a Magistrate Judge's authority. Notably, the concurring opinion recognized that "[t]he majority's decision to remand for the magistrate judge to reconsider the threshold elements of § 1782 not only will cause unnecessary delay, it allows the majority to sidestep the unsettled question presented by the case . . . to clarify how § 1782 fits within our jurisprudence interpreting the Federal Magistrates Act." Id. at 934 (Callahan, J., concurring). At most, this suggests that the concurring judge thought the issue should be addressed but does not forecast how it would be decided. This court does not find Objectors' reliance on that authority persuasive.

- 8 -

Case 1:21-mc-00006-WO-LPA   Document 24   Filed 05/10/23   Page 8 of 15

Pursuant to 28 U.S.C. § 636, a magistrate judge may "hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, [or] for summary judgment . . . ." 28 U.S.C. § 636(b)(1)(A). The § 1782 application and the motion to quash in this case are "pretrial matter[s]" with respect to a pending or contemplated proceeding in another court. See id. As the Fourth Circuit recognizes, "[u]nder § 1782, a party in a foreign proceeding can obtain a discovery order for materials from an American target for use in the foreign proceeding. These applications are often decided ex parte, with the target having a chance to later challenge the discovery order." In re Newbrook Shipping Corp., 31 F.4th 889, 892 (4th Cir. 2022). On the facts of this case, the § 1782 application and the related motion to quash are "pretrial matter[s] not dispositive of a party's claim or defense." See Fed. R. Civ. P. 72(a).

This court agrees with the Magistrate Judge that the § 1782 application and the motion to quash are pretrial matters that may be addressed and ruled upon by an order issued by the Magistrate Judge. (See Doc. 7 at 1–2 n.2; Doc. 20 at 55–61.) This court therefore finds the Magistrate Judge did have authority to issue an order granting the § 1782 application and authority to address the motion to quash. In light of the Magistrate Judge's thorough

- 9 -

Case 1:21-mc-00006-WO-LPA   Document 24   Filed 05/10/23   Page 9 of 15

analysis and reasoning, this court finds the Magistrate Judge's orders, (Doc. 7; Doc. 20), should be affirmed for the reasons set forth by the Magistrate Judge that are adopted herein.

Review of the orders shall proceed in this court in accordance with 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a). This court will consider timely objections but will only modify any part of the orders that is clearly erroneous or contrary to law.

## II.  **REMAINING OBJECTIONS**

After careful review of the other matters objected to, this court finds that the Magistrate Judge's holding is not clearly erroneous or contrary to law. In light of the thorough and persuasive reasoning and analysis of the Magistrate Judge, the orders granting the § 1782 application and denying the motion to quash will be affirmed for the reasons set forth by the Magistrate Judge, which are adopted herein.

First, Objectors contend that the discovery requested via the § 1782 application "is not 'for use' in the Foreign Proceedings" because it is "'plainly irrelevant' to the claims in the Foreign Proceedings." (Doc. 21 at 20-21.) Specifically, Objectors argue that "Applicants' claims are not tied to their own proceedings," but rather, "they seek to tie their claims to the claims of an unrelated third party, Azima." (Id. at 21.) This

- 10 -

Case 1:21-mc-00006-WO-LPA   Document 24   Filed 05/10/23   Page 10 of 15

court finds the Magistrate Judge's order was not "clearly erroneous" on this issue.

Applications under § 1782 only impose a "de minimis" burden on an applicant. In re Veiga, 746 F. Supp. 2d 8, 18 (D.D.C. 2010). "Relevancy in this context is 'broadly construed and encompasses any material that bears on, or that reasonably leads to other matters that could bear on, any issue that is or may be in the case." Id. at 19. "When relevance is in doubt, the . . . court should be permissive." Id. Further, "in enacting § 1782(a), Congress did not intend for district courts to assess the weight of individual pieces of evidence in excruciating detail, and then attempt to discern the precise nexus between such evidence and the claims and defenses raised in the foreign proceeding." Id. at 18 (footnote omitted). The Magistrate Judge explained in great detail the "[a]mple direct and circumstantial evidence [that] ties [Objectors] to the defendants in the Foreign Proceedings and the alleged wrongs against [Applicants]." (Doc. 20 at 71–90.)

The fact that Applicants do not raise allegations of hacking in the Al Sadeq or Stokoe proceedings, as Objectors contend, (see Doc. 21 at 22–23), does not render the discovery Applicants seek irrelevant, as the discovery appears to "reasonably . . . bear on . . . issue[s] that [are] or may be in the case," see In re Veiga, 746 F. Supp. 2d at 19. Given the

- 11 -

"liberal standard" for meeting a § 1782 application's "for use" requirement, see id., this court finds that the Magistrate Judge's determination that the discovery sought by Applicants was "for use" in the Foreign Proceeding is not clearly erroneous.

Second, Objectors contend that "the Magistrate Judge erred by refusing to impose any limitations at all on the discovery requested." (Doc. 21 at 26.) Specifically, Objectors argue that "the Magistrate Judge refused even to limit the temporal scope of the discovery to the periods relevant to Stokoe's claims (i.e. January to April 2020)." (Id.) In short, the crux of Objectors' argument is that discovery into Objectors' interactions with CyberRoot from 2015 to 2017 is irrelevant to Applicants' claims publicized after 2020. (See id. at 26-27.) This court finds the Magistrate Judge's order was not "clearly erroneous" on this issue.

The Magistrate Judge explained very clearly why Objectors' "work with CyberRoot from 2015 to 2017, which Del Rosso admits involved RAKIA, remains relevant to, inter alia, Al Sadeq's claims regarding the politically motivated nature of the actions against him." (Doc. 20 at 96.) Objectors' only source of authority, In re Green Development Corp. S.A. de C.V., No. WDQ-15-2985, 2015 WL 10319091 (D. Md. Oct. 1, 2015), is not persuasive to this court. There, the court limited discovery in

part because the § 1782 applicant did not explain the relevance of a portion of the discovery sought to the foreign proceeding. Id. at *5. In contrast, here, both Applicants and the Magistrate Judge have detailed the relevance of the discovery subject to the § 1782 application. Accordingly, the Magistrate Judge's order is not clearly erroneous or contrary to law.

Finally, Objectors contend that the Magistrate Judge should have excluded the Robinson affidavit and should not have relied upon hearsay evidence. (Doc. 21 at 28–30.) Objectors' arguments are not compelling, and this court finds that the Magistrate Judge's order on these issues is not clearly erroneous.

Concerning the Robinson affidavit, Objectors argue that they challenged the authenticity of the affidavit under the Hague Convention Abolishing the Requirement of Legalisation for Foreign Public Documents ("Hague Convention") and under 28 U.S.C. § 1746. (Doc. 21 at 29; Doc. 19 at 14). Neither source of authority is a proper method to challenge a document's authenticity. The Hague Convention Objectors' reference merely sets forth "an international method for the verification of foreign documents similar to notarization." Mattel, Inc. v. MGA Ent., Inc., No. CV 04-9049 DOC (RNBx), 2010 WL 3705782, at *8 (C.D. Cal. Aug. 3, 2010). "The exclusive authority to certify a domestic record by apostille arises under Fed. R. Civ. P. 44(a), which

<mark>- 13 -</mark>

<mark>Case 1:21-mc-00006-WO-LPA   Document 24   Filed 05/10/23   Page 13 of 15</mark>

incorporates the Convention Abolishing the Requirement of Legalization for Foreign Public Documents . . . ." Id. Even putting aside the question of whether an affidavit is a "public document" covered by the Hague Convention, the Hague Convention is not a mechanism for challenging the authenticity of a document before this court. Likewise, 28 U.S.C. § 1746, Objectors' other source of authority for challenging the authenticity of the Robinson affidavit, is also inapplicable. The requirements of 28 U.S.C. § 1746 only apply to "unsworn declaration[s], certificate[s], verification[s], or statement[s]," 28 U.S.C. § 1746, and the Robinson affidavit was provided under oath, (Doc. 18-2 at 2, 9). Accordingly, the Magistrate Judge's order concerning the Robinson affidavit is not clearly erroneous.

Objectors also contend that the Magistrate Judge "erred with respect to Applicants' hearsay evidence," because "the judge in fact relied on each of the challenged materials" to resolve Objectors' motion to quash. (Doc. 21 at 29.) However, beyond the hearsay evidence, the Magistrate Judge provided almost fifty pages of factual background to this case, (Doc. 20 at 3–51), as well as twenty pages detailing the "[a]mple direct and circumstantial evidence [that] ties [Objectors] to the defendants in the Foreign Proceedings and the alleged wrongs against Al Sadeq and Stokoe," (id. at 71–90). The hearsay evidence with

- 14 -

which Objectors' raise concern is not dispositive to the Magistrate Judge's substantive analysis of the merits of Applicants' § 1782 application. This court agrees that the challenged hearsay evidence "does not impact resolution of the [motion to quash]." (Id. at 71.) This court finds that the Magistrate Judge's order on the alleged hearsay evidence is not clearly erroneous.

For the foregoing reasons,

**IT IS THEREFORE ORDERED** that the order granting an ex parte application filed by Karam Salah Al Din Awni Al Sadeq and Stokoe Partnership Solicitors pursuant to 28 U.S.C. § 1782 to conduct discovery for use in a foreign proceeding, (Doc. 7), is **AFFIRMED**.

**IT IS FURTHER ORDERED** that the order denying Nicholas Del Rosso's and Vital Management Services, Inc.'s motion to quash, (Doc. 20), is **AFFIRMED**.

This the 10th day of May, 2023.

                                       /s/ William L. Osteen, Jr.
                                        United States District Judge