# EXHIBIT E

(FIR 35122)

# FIRST INFORMATION REPORT
## (Under Section 154 Cr. P. C.)

**1. District:** NORTH WEST  **P.S.:** MODEL TOWN  **Year:** 2022  **F.I.R. No:** 0351  **Date:** 29/03/2022

**2. Acts:**  **Sections:**
  - IPC 1860  409/34

**3. Occurrence of Offence:**
  (a) Day  Date From:  Date To:
    Time Period:  Time From:  Time To:
  (b) Information received at Police Station: **Date:** 29/03/2022  **Time:** 15:20 hrs.
  (c) General Diary Reference:  **Entry No:** 057A  **Date/Time>** 29/03/2022 15:40

**4. Type of Information:** Written

**5. Place of Occurrence:**
  (a) Direction and Distance from Police Station: NORTH, 01 Km(s)  **Beat No:** 10
  (b) Address: KOTAK MAHINDRA BANK, MODEL TOWN 3RD
  (c) If outside the limits of the police station:

**6. Complainant / Informant:**
  (a) **Name:** CHIRANSHU AHUJA (S/O) AJAY AHUJA
  (b) **Date/Year of Birth:** 1989  **Nationality:** INDIA
  (c) **Passport No:**  **Date of Issue:**  **Place of Issue:**
  (d) **Occupation:** BUSINESS
  (e) **Address:** 023, 5TH FLOOR TOWER A, SEC-21, CYBERROOT RISK ADVISORY PVT, GURUGRAM, GURGAON CITY, GURGAON, HARYANA, INDIA

**7. Details of known/suspected/unknown accused with full particulars (attach separate sheet if necessary)**


**8. Reasons for delay in reporting by the complainant/informant:**
  NO DELAY

**9. Particulars of the properties stolen/ involved (attach separate sheet if necessary):**
  SI No. Property Type (Description)  Estimated Value (in Rs.)

**10. Total value of property stolen:**

**11. Inquest Report / U.D. Case No., if any:**

**12. F.I.R. Contents (Attach separate sheet if required):**

**12. F.I.R. Contents (attach separate sheet, if required)**    First Information Report Fact

To, The Commissioner of Police, Gurugram-122001 Haryana, Subject-Complaint on behalf of CyberRoot Risk Advisory Private Limited having its office at 023, 5th Floor, Tower A, Emaar Digital, Greens, Sector 61, Gurugram- 122 102, through its Authorized Representative Mr. Chiranshu Ahuja. for lodging of FIR Against 1. Mr. Pappu Kumar, ex-employee of Kotak Mahindra Bank Limited, bearing employee ID 25622. 2. Mr. Deepak, ex-employee of Kotak Mahindra Bank Limited, bearing employee ID 53846. 3. Mr. Ashutosh Dhyani, Branch Manager, Kotak Mahindra Bank Limited, JMD Regent Square branch, Gurugram- 122 002. 4. Mr. Kanhaiya Agarwal, Area Manager, Kotak Mahindra Bank Limited, JMD Regent Square branch, Gurugram- 122 002. 5. Mr. Sumit Gupta, Relationship Manager, Kotak Mahindra Bank Limited, JMD Regent Square branch, Gurugram- 122 002. 6. Regional Manager, Kotak Mahindra Bank Limited, JMD Regent Square branch, Gurugram- 122 002. 7. Mr. Haralambos Tsiattalou, Partner, Stokoe Partnership Solicitors 8. Omkar Nath Tripathi New Delhi 9. Other Unknown person(s), Dear Sir, 1. This is to bring to your knowledge the commission of certain grave offences committed by: (1) Mr. Pappu Kumar, ex-employee of Kotak Mahindra Bank Limited, bearing employee ID 25622 (hereinafter referred to as "Accused No.1"); (2) Mr. Deepak, ex-employee of Kotak Mahindra Bank Limited, bearing employee ID 53846 (hereinafter referred to as "Accused No.2"); (3) Mr. Ashutosh Dhyani, Branch Manager, Kotak Mahindra Bank Limited, JMD Regent Square Page 2 of 33 2511468.State Pappu branch (hereinafter referred to as "Accused No.3"); (4) Mr. Kanhaiya Agarwal, Area Manager, Kotak Mahindra Bank Limited, JMD Regent Square branch (hereinafter referred to as "Accused No.4"); (5) Mr. Sumit Gupta, Relationship Manager, Kotak Mahindra Bank Limited, JMD Regent Square branch, Gurugram- 122 002 (hereinafter referred to as "Accused No.5"); (6) Regional Manager, Kotak Mahindra Bank Limited, JMD Regent Square branch, Gurugram 122 002 (hereinafter referred to as "Accused No.6"); (7) Mr. Haralambos Tsiattalou, Partner, Stokoe Partnership Solicitors (hereinafter referred to as "Accused No.7"); (8) Other Unknown person(s) (hereinafter referred to as "Accused No.8"). The Accused Nos.1 to 8 are hereinafter collectively referred to as "Accused". The Accused have committed certain grave offences against Cyber Root Risk Advisory Private Limited (hereinafter referred to as "Complainant Company"). BACKGROUND REGARDING THE DISCOVERY OF THE LEAKAGE/ILLEGAL DISCLOSURE AND DIVULGENCE OF THE COMPLAINANT COMPANY'S KOTAK MAHINDRA LIMITED BANK ACCOUNT STATEMENTS : 2. The Complainant Company, CyberRoot Risk Advisory Private Limited, is a Company duly incorporated under the Companies Act, 2013, with its office at 023, 5th Floor, Tower A, Emaar Digital Greens, Sector 61, Gurugram- 122 102. The Complainant Company is being represented by its Chief Executive Officer and Authorized Representative, Mr. Chiranshu Ahuja. True Copy of the Board Resolution, dated 07.06.2021 authorizing Mr. Chiranshu Ahuja on behalf of the Complainant Company, is attached herewith and marked as DOCUMENT-1 3. The Complainant Company is maintaining a Current Account No.2511468461, along with other Accounts, with the JMD Regent Square Branch of Kotak Mahindra Bank Limited (hereinafter referred to as "Kotak Bank") for the last 6 years. Kotak Mahindra Bank Limited claims to be amongst the fastest growing banks and the most admired financial institutions in India, offering secured banking products and financial services for corporate and retail customers in the areas of personal finance, investment banking, life insurance and wealth management. 4. In June, 2020 the Complainant Company lost some projects from their existing clients due to pricing and other such issues which can only be revealed from one's bank account statements and other confidential data. On 17.06.2020, the Complainant Company expressed their concern of illegal leakage, disclosure and divulgence of their bank records and mishandling of their confidential and sensitive information to Accused No. 4 & 5. Thereafter, on 18.06.2020, the Complainant Company wrote an email to Accused No. 4 and 5, requesting the Kotak Bank to investigate into the said matter.

Even after several reminders, the Kotak Bank deliberately and intentionally neither provided any information nor gave any response to the emails of the Complainant Company. In September 2020, the Complainant Company received a phone call from one Ms. Swati Yadav, Service Relationship Manager of the Kotak Bank, stating that nothing conclusive could be found about the unauthorized access of bank statements/ records. On hearing the same, the Complainant Company requested Ms. Swati to give a conclusive statement to the effect in writing. To the utter dismay of the Complainant Company, the Kotak Bank deliberately failed to provide any communication in writing. Aggrieved by the misdeed(s) of the Kotak Bank, the Complainant Company sent another email to officials of the Kotak Bank to look into the apprehension of the Complainant Company about the leakage, illegal disclosure and divulgence of the bank statement and the safety and protection of the valuable and sensitive data of the Complainant Company. The Complainant Company through undersigned and authorized officials met & discussed the above said issue with the Accused no. 3, 4 & 5 and again requested them to look into their doubts. Even after repeated requests and reminders, Kotak Bank deliberately and with malafide intention did not reveal even a single piece of information to the Complainant Company, knowing very well that the confidential and sensitive information of the Complainant Company has been illegally leaked, disclosed and divulged by the officials of the Kotak Bank. 5. The Complainant Company's suspicions were confirmed when the bank statement of the Complainant Company's account was filed by a third party-i.e., the Accused No. 7 before the United States District Courts for the Middle District of North Carolina, USA. The Accused No. 7 falsely represented that the bank statements were obtained from a "whistleblower" who is employed by the Complainant Company and who has legitimate access to the Company's bank account. Since, the Complainant Company did not issue any instruction or request for generation of such a bank statement for the period 01.04.2016 to 01.07.2020, it is apparent that data and information of the Complainant Company's bank account was leaked, disclosed and divulged by illegal means by the unknown person(s) with the aid and collusion of the Kotak Bank officials, with the sole aim to provide illegal benefits to the Accused No. 7 and his unknown co conspirators. 6. On 08.02.2021, to prove the allegations raised, the Complainant Company sent an email along with the copy of the illegally leaked and divulged records, which were used by the Accused No. 7 before the United States District Courts for the Middle District of North Carolina, USA, to the top management / senior-most officers of the Kotak Bank, as a direct evidence, requesting them. to look into the illegally leaked and divulged bank account statement of the Complainant Company at the earliest and identify the culprit(s)/offender(s) who are responsible for leaking the bank statements and moreover to ascertain on whose instructions and take urgent and strict action against them. The Complainant Company sent another email on 12.02.2021 to Kotak Bank reiterating the contents of the email, dated 08.02.2021 and attaching the leaked bank. statement of the Complainant's Company. COMPLAINT BEFORE RESERVE BANK OF INDIA (RBI) AND ADMISSION OF ILLEGAL LEAKAGE AND DIVULGENCE OF THE BANK STATEMENTS BY KOTAK BANK : 7. Disturbed by the unsatisfactory response and inaction(s) of the Kotak Bank, the Complainant Company escalated this matter to the Authorities at the Reserve Bank of India ("RBI"), who registered the Complaint bearing no. 202021016015153 on 25.02.2021 against the Kotak Bank for the unauthorized / illegal disclosure of the Bank Account Statement of the Complainant Company to third party (ies). True copy of the Complaint vide electronic mail bearing no. 202021016015153 to the RBI is attached herewith and marked as DOCUMENT-2. 8. On 03.04.2021, the Complainant Company received an email from one Ms. Preeti Puthran, Service Assurance Officer, Nodal Office Correspondence, Kotak Bank, just for the sake of it, admitting that an employee of the Kotak Bank had illegally accessed the Bank Accounts without any written instruction of the Complainant Company. As per the said email, Kotak Bank had taken stern action against the employee involved and had terminated the services of the 16, concerned

3

employee with immediate effect. At this juncture, it is pertinent to note that the Kotak Bank with malafide intentions had deliberately and intentionally not disclosed the complete and detailed information to the Complainant Company regarding any investigation and actions taken by them, if any, against the concerned one employee. True copies of all the email communication exchanged between the Complainant Company and Kotak Bank are attached herewith and collectively marked as DOCUMENT-3 (COLLY). 9. Pursuant to the directives issued by the Banking Ombudsman of the RBI on 03.05.2021, the Kotak Bank with malafide intention filed a vague and incomplete Investigation Report on 27.05.2021 wherein they had disclosed only the names of the employees responsible for such illegal acts. However, it is pertinent to note that the Kotak Bank maliciously did not disclose the complete details of the Accused No. 1 and 2, along with details of such person(s) who approached the Accused No.1 and 2 to make such unwarranted and illegal access, the details. of the investigation conducted by the Kotak Bank and the proof of termination of the Accused No.1 and 2. It is also pertinent to mention that the said Investigation Report is undated and has deliberately and intentionally not been signed by the authorized person / official of Kotak Bank and is simply stamped and attested by an unknown official. It is quite surprising that Kotak Bank, which claims to be an esteemed organization failed to file a proper Investigation Report before the RBI. True copy of the Investigation Report, undated is attached herewith and marked as DOCUMENT-4. 10. As per the Kotak Bank, the Accused No.1 was an employee of Kotak Bank. The Accused No.1 received a call from one of his customers, i.e., the unknown person(s), asking for a statement of the Complainant Company. Since the Accused No.1 did not have access to the system, he approached the Accused No.2, Branch Sales Manager of the Kotak Bank, requesting him to generate the said statement. The Accused No.2 generated the same which was handed over by the Accused No.1 to the unknown person(s). It is very pertinent to mention here that as per the email, dated 03.04.2021, Kotak Bank had stated that there was only 1 (one) employee who had illegally accessed the Bank Accounts without any written instruction of the Complainant Company. Further, as per the said email, Kotak Bank had taken stern action against the employee involved and had terminated the services of the concerned employee with immediate effect, whereas as per the said Investigation Report 2 (two) employees of Kotak Bank were involved in the said illegal acts. The said Investigation makes it crystal clear that the Kotak Bank had malafide intention ab-initio and were well aware of the illegal acts which were taking place directly under their nose. Kotak Bank with malafide intention has acted negligently and failed to take any action (s) which Kotak Bank is statutory duty bound to take, since June, 2020. Further, the change in stance of the Kotak Bank from 1 (one) employee to 2 (two) employees, casts a heavy doubt on their intention. REQUESTS FOR INFORMATION FROM THE KOTAK BANK : 11. On receiving the aforementioned Investigation Report, the Complainant Company, vide email dated approached the Kotak Bank, requesting them to provide the contact details of the Accused No.1 and 2, including their complete address as per the bank records, the tenure: of their work at the NSP Branch and elsewhere after transfer from this branch. The Complainant Company also requested the Kotak Bank to reveal the identity of the unknown person(s) who called the Accused No.1 for the illegal access to the Complainant Company's Bank account. The (17) Complainant Company got a response from the Office of the Nodal Officer of the Kotak Bank, stating that they shall not be able to accede to the Complainant Company's request for further information as they've complied with the instructions from the Banking Ombudsman's office. True copies of the emails, dated 27.05.2021 and 01.06.2021 are attached herewith and collectively marked as DOCUMENT-5 (COLLY). 12. The above said acts and demeanor of the Kotak Bank have made it crystal clear that they never intended to disclose the complete information of the illegal acts of the Accused No.1 and 2 and other unknown bank officials, who the Complainant Company believes to have been involved in the above said illegal act(s) and

4

(mis)deed(s). Further, Kotak Bank has not brought the said Accused No. 1 & 2 before the Police Personnel or / and lodged any complaint against them. It is now quite apparent that Kotak Bank deliberately does not want to disclose the same before the Complainant Company or before Police, as the other Higher Officials of the Kotak Bank must be working in collusion with Accused No. 1 & 2. Therefore, it appears that there are high chances that the Accused No. 1 and 2 are only scapegoats in this whole conspiracy and the rest of the conspiracy can only be unearthed after a thorough police investigation. The Complainant Company has huge apprehension that other than the said bank statement, the Kotak Bank/ the unknown Higher Officials have illegally disclosed several other confidential information(s) to third party(ies) in the past also, which can also be unearthed by thorough police investigation by your good self. 13. This unauthorized and illegal access and generation of the statement of the Bank Account of the Complainant Company and the disclosure of the confidential financial information to third parties, is a matter of grave concern. The relationship of a banker and customer is of a highly confidential nature and this illegal access and disclosure is a breach to not only the trust of the Complainant Company but also against the confidentiality and privacy clauses and norms of fiduciary relationship shared between the parties. 14. The Reserve Bank of India (RBI), vide their Circular, dated 03.12.2014 released the 'Charter of Customer Rights, which enshrines broad, overarching principles for protection of bank customers and enunciates the 'five' basic rights of bank customers. As per the RBI's Charter, customers' personal information should be kept confidential unless they have offered specific consent to the financial services provider or such information is required to be provided under the law or it is provided for a mandated business purpose. Customers have the right to protection from all kinds of communications, electronic or otherwise, which infringe upon their privacy. 15. The Accused Nos. 1, 2, 3, 4, 5, 6 and other unknown higher officials in their capacity of being officials of the Kotak Bank, were entrusted with the highly confidential information or/and property of the Complainant Company. While having malafide intention, they have dishonestly and illegally used or/and disposed of the above said confidential information or/and property of the Complainant Company, which is in complete violation of the statutory provision and rules governing the day-to-day functioning of the Kotak Bank. The accused persons have illegally disclosed, leaked and divulged the above said confidential information without any oral or/and written consent or authority from the Complainant Company. They have (i) illegally accessed the Bank Accounts of the Complainant Company and generated the bank statement; (ii) divulged Staten this confidential account statement to the third party(ies), and (iii) used that information(s) in violation of the principles of law and the guidelines issued by various authorities. They have miserably failed to discharge the duty owed by them to the Complainant Company and have illegally discharged the trust which is entrusted upon them as per the provisions of law, causing wrongful gain to the Accused No.7 and other unknown person(s) and willful suffering and wrongful loss to the Complainant Company. Thereby, committing criminal breach of trust as a banker and agent. 16. The Accused No. 3, 4, 5 and 6 along with other officers of the Kotak Bank are intentionally screening the real offenders and culprits. They are willfully and deliberately not disclosing their identity (ies) and their complete and true details of the Accused No. 1 & 2. The Accused No. 3, 4, 5, 6 and other Kotak Bank Officials, in their capacity of being the Branch Manager, Area Manager, Relationship Manager and the Regional Manager, respectively are responsible for supervising the day-to-day affairs and working of the Kotak Bank. Hence, all of them in collusion with each other are liable for such illegal activities. 17. The Accused Person(s) have, without the permission of the Complainant Company, dishonestly and with malafide intention, accessed the computer system of the Kotak Bank and downloaded and copied the bank account statement and other unknown confidential information of the Complainant Company from their system(s), thereby committing data theft(s). All the Accused persons and other unknown person(s), fully knowing that the

said confidential information was accessed illegally, dishonestly received, retained and further divulged it, with sole aim & object to cause social & economical harm to the Complainant Company, and damage to their reputation, goodwill and business. 18. It is pertinent to note that this illegal sharing of the Complainant Company's bank statements and other confidential information to the unknown person(s) who illegally demanded the same, resulted in giving them unwarranted access to confidential information such as the names of the Complainant Company's customer(s)/ client(s), etc. and transactions with them. The Complainant Company believes that the Accused No. 7, along with his co-conspirators have used the bank statements to identify and contact customers of the Complainant Company under false pretenses, which has caused considerable harm to the Complainant Company. Thus, severely damaging the reputation, goodwill and business of the Complainant Company. 19. The Accused Person(s), firstly, without any legal authorization secured the access to the Complainant Company's Bank Account/ confidential information. The Accused persons then illegally, with malafide intention generated Bank Account Statement and other confidential information(s) as apprehended by the Complainant Company. Thereafter, in a well-calculated and ugly manner, they illegally disclosed / leaked / divulged the confidential, sensitive and valuable information and data to third party(ies) with an ulterior aim and motive to cause harm and damage to the Complainant Company. 20. Needless to state that the JMD Regent Square Branch Office of the Kotak Mahindra Bank falls within the territorial jurisdiction of your good self. The Bank Account was maintained at the JMD Regent Square Branch of the Kotak Mahindra Bank, which was illegally accessed by the Accused Person(s) and unknown person(s). Therefore, your good self is requested to register an FIR15 against all Accused persons and unknown person(s), so that the said matter can be investigated and wrong-doers/ offenders can be punished as per the low. 21. It is therefore, requested that an F.I.R. may kindly be registered immediately against the Accused Persons under the appropriate provisions of the Indian Penal Code, 1860 along with any other such relevant provisions of law, and a thorough investigation into the offences committed by the Accused persons be conducted to bring them and any unknown person(s) to books 22.I must also assure you my full cooperation during the investigation, as and when required by your good self,Your Truly, SD English Chiranshu Ahuja, For Cyber Root Risk Advisory Private Limited', Chiranshu Ahuja CEO and Authorized Representative, CyberRoot Risk Advisory Private Limited, 023, 5th floor, Tower A, Emaar Digital Greens, Sector 61,Gurugram-122 102. Phone no.+91-8800000830, Email: ceo@crgrp.co, Attested by SI Harish Hooda D-6609 PS Model Town, To,duty officer the above said complaint of Mr.Chiranshu Ahuja autorised representative of "Cyber Root Risk advisory Private Limited" was reveived in PS Model Town vide No.C-1855 dated 30/11/21 The hon'ble court of Shri Mayank Goel Ld. MM 03,North Rohini Court Delhi has now ordered U/s 156.3 Crpc vide CC No.318/2022 dated 24/03/2022 to registered FIR as per the contants and enquiry conducted into the matter, Prime facie an offence U/s 409/34 IPC is made out registered a case and intimate the undersigned for further investigation. Date & Time of incident- Unknown, Place of incident- Kotak Mahindra bank Model town 3rd Delhi, Date & time of producing Note- 29/03/2022 at 03.20Pm, SD

English SI Harish Hooda D-6609, Action taken by police: Today a complaint in English, was received by MN HC/DO from SI Harish Hooda to register the case. On receipt of the written article, FIR No 351/22 U/S 409/34 IPC by registering and computerizing and getting it fed into the computer by W/Ct Jyoti No. 2055/NW CCTNS Opp. The computerized FIR Copy was handed over to SI Harish Hooda. And the main copy will be sent to the higher authorities by mail. Buckle HC/Do

District: NORTH WEST   P.S: MODEL TOWN   Year: 2022   FIR No: 0351   Date: 29/03/2022

**13. Action Taken since the above information reveals commission of offence(s) u/s as mentioned at Item No. 2:**

    **(i) Registered the case and took up the investigation:**                OR

    **(ii) Directed (Name of the I.O.:** HARISH HOODA     **Rank:** SI (SUB-INSPECTOR)

    **No:** 16190461     **to accept the investigation OR**

    **(iii) Refused investigation due to (for investigation):**     OR (Refused due to or)

    **(iv) Transferred to Police Station:**     **District:**

    On point of authority.

**FIR read over to the complainant/informant, admitted being correctly recorded, and a copy given to the complainant/informant, free of cost:**

    **R.O.A.C.:**

**14. Signature / Thumb Impression**           **Signature of Officer**
    **Of the complainant / Informant:**

                                                              **Name:** POONAM
                                                             **Rank: HC**(HEAD CONSTABLE)
                                                             **No.:** 28011138

**15. Date and Time of dispatch to the court:**



City of New York, State of New York, County of New York

I, Dan McCourt, hereby certify that the document "**2022.03.09 - FIR 35122-CyberRoot**" is, to the best of my knowledge and belief, a true and accurate translation from Hindi into English.

_____
Dan McCourt

Sworn to before me this
November 17, 2022

_____
Signature, Notary Public



_____
Stamp, Notary Public

LANGUAGE AND TECHNOLOGY SOLUTIONS FOR GLOBAL BUSINESS

1250 BROADWAY, 32ND FLOOR, NEW YORK, NY 10001 | T 212.400.8840 | F 212.689.1059 | WWW.TRANSPERFECT.COM
OFFICES IN 90 CITIES WORLDWIDE

# FIRST INFORMATION REPORT
(Under Section 154 Cr.P.C.)

(धारा 154 दंड प्रक्रिया सहिंता के तहत )

1. District (ज़िला):NORTH WEST    P.S.(थाना): MODEL TOWN    Year(वर्ष): 2022    FIR No(प्र.सू.रि.सं.):0351    Date :29/03/2022

2. Act(s)(अधिनियम ):           Section(s)(धारा(एँ)):
   - IPC 1860                   409/34

3. Occurrence of Offence (अपराध की घटना):
   (a) Day(दिन):                Date From(दिनांक से):              Date To(दिनांक तक):
       Time Period (समय अवधि):  Time From (समय से):               Time To (समय तक):
   (b) Information received at P.S.(थाना जहां सूचना प्राप्त हुई ):    Date(दिनांक): 29/03/2022    Time (समय): 15:20 hrs
   (c) General Diary Reference (रोजनामचा संदर्भ):    Entry No.(प्रविष्टि सं.): 057A    Date/Time(दिनांक/समय):29/03/2022 15:40

4. Type of Information (सूचना का प्रकार): Written

5. Place of Occurrence (घटनास्थल ):
   (a) Direction and Distance from P.S (थाना से दूरी और दिशा): NORTH , 01  Km(s)    Beat No(बीट सं.) : 10
   (b) Address(पता): ,KOTAK MAHINDRA BANK ,MODEL TOWN 3RD
   (c) In case, Outside the limit of the Police Station (यदि थाना सीमा के बाहर हैं ):
       Name of P.S(थाना का नाम): MODEL TOWN    District(ज़िला):NORTH WEST(DELHI)

6. Complainant / Informant (शिकायतकर्ता/सूचनाकर्ता ):
   (a) Name(नाम): CHIRANSHU AHUJA  (S/O)  AJAY AHUJA
   (b) Date/Year of Birth (जन्म तिथि /वर्ष): 1989    Nationality (राष्ट्रीयता): INDIA
   (c) Passport No.(पासपोर्ट सं.):    Date of Issue (जारी करने की तिथि ):    Place of Issue (जारी करने का स्थान):
   (d) Occupation (व्यवसाय): BUSINESS
   (e) Address(पता): 023, 5TH FLOOR  TOWER A, SEC-21, CYBERROOT RISK ADVISORY PVT, GURUGRAM, GURGAON CITY, GURGAON, HARYANA, INDIA,

7. Details of Known/Suspect/Unknown accused with full particulars(attach separate sheet if necessary)(ज्ञात/ संदिग्ध /अज्ञात अभियुक्त का का पुरे विवरण सहित वर्णन ):

8. Reason for delay in reporting by the complainant/informant (शिकायतकर्ता / सूचनाकर्ता द्वारा रिपोर्ट देरी से दर्ज कराने के कारण):
   NO DELAY

9. Particulars of the properties stolen/involved (attach separate sheet if necessary):
   Sl.No. (क्र.सं.) Property Type(Description)              Est. Value(Rs.)(मूल्य (रु में))

10. Total value of property stolen (चोरी हुई सम्पत्ति का कुल मूल्य):
11. Inquest Report / U.D. Case No., if any (मृत्यु समीक्षा रिपोर्ट / यू॰डी॰प्रकरण न॰, यदि कोई हो ):

1

Case 1:21-mc-00006-WO-LPA   Document 26-5   Filed 05/12/23   Page 10 of 16

| District : | NORTH WEST | P.S: | MODEL TOWN | Year: | 2022 | FIR No: | 0351 | Date: | 29/03/2022 |
|---|---|---|---|---|---|---|---|---|---|

**12. F.I.R. Contents (attach separate sheet, if required)(प्रथम सूचना रिपोर्ट तथ्य):**

To,The Commissioner of Police,Gurugram-122001Haryana,Subject-Complaint on behalf of CyberRoot Risk Advisory Private Limited having its office at 023, 5th Floor, Tower A, Emaar Digital, Greens, Sector 61, Gurugram- 122 102, through its Authorized Representative Mr. Chiranshu Ahuja. for lodging of FIR Against 1. Mr. Pappu Kumar, ex-employee of Kotak Mahindra Bank Limited, bearing employee ID 25622. 2. Mr. Deepak, ex-employee of Kotak Mahindra Bank Limited, bearing employee ID 53846. 3. Mr. Ashutosh Dhyani, Branch Manager, Kotak Mahindra Bank Limited, JMD Regent Square branch, Gurugram- 122 002. 4. Mr. Kanhaiya Agarwal, Area Manager, Kotak Mahindra Bank Limited, JMD Regent Square branch, Gurugram- 122 002. 5. Mr. Sumit Gupta, Relationship Manager, Kotak Mahindra Bank Limited, JMD Regent Square branch, Gurugram- 122 002. 6. Regional Manager, Kotak Mahindra Bank Limited, JMD Regent Square branch, Gurugram- 122 002. 7. Mr. Haralambos Tsiattalou, Partner, Stokoe Partnership Solicitors 8. Omkar Nath Tripathi New Delhi 9.Other Unknown person(s), Dear Sir, 1. This is to bring to your knowledge the commission of certain grave offences committed by: (1) Mr. Pappu Kumar, ex-employee of Kotak Mahindra Bank Limited, bearing employee ID 25622 (hereinafter referred to as "Accused No.1"); (2) Mr. Deepak, ex-employee of Kotak Mahindra Bank Limited, bearing employee ID 53846 (hereinafter referred to as "Accused No.2"); (3) Mr. Ashutosh Dhyani, Branch Manager, Kotak Mahindra Bank Limited, JMD Regent Square Page 2 of 33 2511468.State Pappu branch (hereinafter referred to as "Accused No.3"); (4) Mr. Kanhaiya Agarwal, Area Manager, Kotak Mahindra Bank Limited, JMD Regent Square branch (hereinafter referred to as "Accused No.4"); (5) Mr. Sumit Gupta, Relationship Manager, Kotak Mahindra Bank Limited, JMD Regent Square branch, Gurugram- 122 002 (hereinafter referred to as "Accused No.5"); (6) Regional Manager, Kotak Mahindra Bank Limited, JMD Regent Square branch, Gurugram 122 002 (hereinafter referred to as "Accused No.6"); (7) Mr. Haralambos Tsiattalou, Partner, Stokoe Partnership Solicitors (hereinafter referred to as "Accused No.7"); (8) Other Unknown person(s) (hereinafter referred to as "Accused No.8"). The Accused Nos.1 to 8 are hereinafter collectively referred to as "Accused". The Accused have committed certain grave offences against Cyber Root Risk Advisory Private Limited (hereinafter referred to as "Complainant Company"). BACKGROUND REGARDING THE DISCOVERY OF THE LEAKAGE/ILLEGAL DISCLOSURE AND DIVULGENCE OF THE COMPLAINANT COMPANY'S KOTAK MAHINDRA LIMITED BANK ACCOUNT STATEMENTS : 2. The Complainant Company, CyberRoot Risk Advisory Private Limited, is a Company duly incorporated under the Companies Act, 2013, with its office at 023, 5th Floor, Tower A, Emaar Digital Greens, Sector 61, Gurugram- 122 102. The Complainant Company is being represented by its Chief Executive Officer and Authorized Representative, Mr. Chiranshu Ahuja. True Copy of the Board Resolution, dated 07.06.2021 authorizing Mr. Chiranshu Ahuja on behalf of the Complainant Company, is attached herewith and marked as DOCUMENT-1 3. The Complainant Company is maintaining a Current Account No.2511468461, along with other Accounts, with the JMD Regent Square Branch of Kotak Mahindra Bank Limited (hereinafter referred to as "Kotak Bank") for the last 6 years. Kotak Mahindra Bank Limited claims to be amongst the fastest growing banks and the most admired financial institutions in India, offering secured banking products and financial services for corporate and retail customers in the areas of personal finance, investment banking, life insurance and wealth management. 4. In June, 2020 the Complainant Company lost some projects from their existing clients due to pricing and other such issues which can only be revealed from one's bank account statements and other confidential data. On 17.06.2020, the Complainant Company expressed their concern of illegal leakage, disclosure and divulgence of their bank records and mishandling of their confidential and sensitive information to Accused No. 4 & 5. Thereafter, on 18.06.2020, the Complainant Company wrote an email to Accused No. 4 and 5, requesting the Kotak Bank to investigate into the said matter.

2

Even after several reminders, the Kotak Bank deliberately and intentionally neither provided any information nor gave any response to the emails of the Complainant Company. In September 2020, the Complainant Company received a phone call from one Ms. Swati Yadav, Service Relationship Manager of the Kotak Bank, stating that nothing conclusive could be found about the unauthorized access of bank statements/ records. On hearing the same, the Complainant Company requested Ms. Swati to give a conclusive statement to the effect in writing. To the utter dismay of the Complainant Company, the Kotak Bank deliberately failed to provide any communication in writing. Aggrieved by the misdeed(s) of the Kotak Bank, the Complainant Company sent another email to officials of the Kotak Bank to look into the apprehension of the Complainant Company about the leakage, illegal disclosure and divulgence of the bank statement and the safety and protection of the valuable and sensitive data of the Complainant Company. The Complainant Company through undersigned and authorized officials met & discussed the above said issue with the Accused no. 3, 4 & 5 and again requested them to look into their doubts. Even after repeated requests and reminders, Kotak Bank deliberately and with malafide intention did not reveal even a single piece of information to the Complainant Company, knowing very well that the confidential and sensitive information of the Complainant Company has been illegally leaked, disclosed and divulged by the officials of the Kotak Bank. 5. The Complainant Company's suspicions were confirmed when the bank statement of the Complainant Company's account was filed by a third party-i.e., the Accused No. 7 before the United States District Courts for the Middle District of North Carolina, USA. The Accused No. 7 falsely represented that the bank statements were obtained from a "whistleblower" who is employed by the Complainant Company and who has legitimate access to the Company's bank account. Since, the Complainant Company did not issue any instruction or request for generation of such a bank statement for the period 01.04.2016 to 01.07.2020, it is apparent that data and information of the Complainant Company's bank account was leaked, disclosed and divulged by illegal means by the unknown person(s) with the aid and collusion of the Kotak Bank officials, with the sole aim to provide illegal benefits to the Accused No. 7 and his unknown co conspirators. 6. On 08.02.2021, to prove the allegations raised, the Complainant Company sent an email along with the copy of the illegally leaked and divulged records, which were used by the Accused No. 7 before the United States District Courts for the Middle District of North Carolina, USA, to the top management / senior-most officers of the Kotak Bank, as a direct evidence, requesting them. to look into the illegally leaked and divulged bank account statement of the Complainant Company at the earliest and identify the culprit(s)/offender(s) who are responsible for leaking the bank statements and moreover to ascertain on whose instructions and take urgent and strict action against them. The Complainant Company sent another email on 12.02.2021 to Kotak Bank reiterating the contents of the email, dated 08.02.2021 and attaching the leaked bank. statement of the Complainant's Company. COMPLAINT BEFORE RESERVE BANK OF INDIA (RBI) AND ADMISSION OF ILLEGAL LEAKAGE AND DIVULGENCE OF THE BANK STATEMENTS BY KOTAK BANK : 7. Disturbed by the unsatisfactory response and inaction(s) of the Kotak Bank, the Complainant Company escalated this matter to the Authorities at the Reserve Bank of India ("RBI"), who registered the Complaint bearing no. 202021016015153 on 25.02.2021 against the Kotak Bank for the unauthorized / illegal disclosure of the Bank Account Statement of the Complainant Company to third party (ies). True copy of the Complaint vide electronic mail bearing no. 202021016015153 to the RBI is attached herewith and marked as DOCUMENT-2. 8. On 03.04.2021, the Complainant Company received an email from one Ms. Preeti Puthran, Service Assurance Officer, Nodal Office Correspondence, Kotak Bank, just for the sake of it, admitting that an employee of the Kotak Bank had illegally accessed the Bank Accounts without any written instruction of the Complainant Company. As per the said email, Kotak Bank had taken stern action against the employee involved and had terminated the services of the 16, concerned

employee with immediate effect. At this juncture, it is pertinent to note that the Kotak Bank with malafide intentions had deliberately and intentionally not disclosed the complete and detailed information to the Complainant Company regarding any investigation and actions taken by them, if any, against the concerned one employee. True copies of all the email communication exchanged between the Complainant Company and Kotak Bank are attached herewith and collectively marked as DOCUMENT-3 (COLLY). 9. Pursuant to the directives issued by the Banking Ombudsman of the RBI on 03.05.2021, the Kotak Bank with malafide intention filed a vague and incomplete Investigation Report on 27.05.2021 wherein they had disclosed only the names of the employees responsible for such illegal acts. However, it is pertinent to note that the Kotak Bank maliciously did not disclose the complete details of the Accused No. 1 and 2, along with details of such person(s) who approached the Accused No.1 and 2 to make such unwarranted and illegal access, the details. of the investigation conducted by the Kotak Bank and the proof of termination of the Accused No.1 and 2. It is also pertinent to mention that the said Investigation Report is undated and has deliberately and intentionally not been signed by the authorized person / official of Kotak Bank and is simply stamped and attested by an unknown official. It is quite surprising that Kotak Bank, which claims to be an esteemed organization failed to file a proper Investigation Report before the RBI. True copy of the Investigation Report, undated is attached herewith and marked as DOCUMENT-4. 10. As per the Kotak Bank, the Accused No.1 was an employee of Kotak Bank. The Accused No.1 received a call from one of his customers, i.e., the unknown person(s), asking for a statement of the Complainant Company. Since the Accused No.1 did not have access to the system, he approached the Accused No.2, Branch Sales Manager of the Kotak Bank, requesting him to generate the said statement. The Accused No.2 generated the same which was handed over by the Accused No.1 to the unknown person(s). It is very pertinent to mention here that as per the email, dated 03.04.2021, Kotak Bank had stated that there was only 1 (one) employee who had illegally accessed the Bank Accounts without any written instruction of the Complainant Company. Further, as per the said email, Kotak Bank had taken stern action against the employee involved and had terminated the services of the concerned employee with immediate effect, whereas as per the said Investigation Report 2 (two) employees of Kotak Bank were involved in the said illegal acts. The said Investigation makes it crystal clear that the Kotak Bank had malafide intention ab-initio and were well aware of the illegal acts which were taking place directly under their nose. Kotak Bank with malafide intention has acted negligently and failed to take any action (s) which Kotak Bank is statutory duty bound to take, since June, 2020. Further, the change in stance of the Kotak Bank from 1 (one) employee to 2 (two) employees, casts a heavy doubt on their intention. REQUESTS FOR INFORMATION FROM THE KOTAK BANK : 11. On receiving the aforementioned Investigation Report, the Complainant Company, vide email dated approached the Kotak Bank, requesting them to provide the contact details of the Accused No.1 and 2, including their complete address as per the bank records, the tenure: of their work at the NSP Branch and elsewhere after transfer from this branch. The Complainant Company also requested the Kotak Bank to reveal the identity of the unknown person(s) who called the Accused No.1 for the illegal access to the Complainant Company's Bank account. The (17) Complainant Company got a response from the Office of the Nodal Officer of the Kotak Bank, stating that they shall not be able to accede to the Complainant Company's request for further information as they've complied with the instructions from the Banking Ombudsman's office. True copies of the emails, dated 27.05.2021 and 01.06.2021 are attached herewith and collectively marked as DOCUMENT-5 (COLLY). 12. The above said acts and demeanor of the Kotak Bank have made it crystal clear that they never intended to disclose the complete information of the illegal acts of the Accused No.1 and 2 and other unknown bank officials, who the Complainant Company believes to have been involved in the above said illegal act(s) and

(mis)deed(s). Further, Kotak Bank has not brought the said Accused No. 1 & 2 before the Police Personnel or / and lodged any complaint against them. It is now quite apparent that Kotak Bank deliberately does not want to disclose the same before the Complainant Company or before Police, as the other Higher Officials of the Kotak Bank must be working in collusion with Accused No. 1 & 2. Therefore, it appears that there are high chances that the Accused No. 1 and 2 are only scapegoats in this whole conspiracy and the rest of the conspiracy can only be unearthed after a thorough police investigation. The Complainant Company has huge apprehension that other than the said bank statement, the Kotak Bank/ the unknown Higher Officials have illegally disclosed several other confidential information(s) to third party(ies) in the past also, which can also be unearthed by thorough police investigation by your good self. 13. This unauthorized and illegal access and generation of the statement of the Bank Account of the Complainant Company and the disclosure of the confidential financial information to third parties, is a matter of grave concern. The relationship of a banker and customer is of a highly confidential nature and this illegal access and disclosure is a breach to not only the trust of the Complainant Company but also against the confidentiality and privacy clauses and norms of fiduciary relationship shared between the parties. 14. The Reserve Bank of India (RBI), vide their Circular, dated 03.12.2014 released the 'Charter of Customer Rights, which enshrines broad, overarching principles for protection of bank customers and enunciates the 'five' basic rights of bank customers. As per the RBI's Charter, customers' personal information should be kept confidential unless they have offered specific consent to the financial services provider or such information is required to be provided under the law or it is provided for a mandated business purpose. Customers have the right to protection from all kinds of communications, electronic or otherwise, which infringe upon their privacy. 15. The Accused Nos. 1, 2, 3, 4, 5, 6 and other unknown higher officials in their capacity of being officials of the Kotak Bank, were entrusted with the highly confidential information or/and property of the Complainant Company. While having malafide intention, they have dishonestly and illegally used or/and disposed of the above said confidential information or/and property of the Complainant Company, which is in complete violation of the statutory provision and rules governing the day-to-day functioning of the Kotak Bank. The accused persons have illegally disclosed, leaked and divulged the above said confidential information without any oral or/and written consent or authority from the Complainant Company. They have (i) illegally accessed the Bank Accounts of the Complainant Company and generated the bank statement; (ii) divulged Staten this confidential account statement to the third party(ies), and (iii) used that information(s) in violation of the principles of law and the guidelines issued by various authorities. They have miserably failed to discharge the duty owed by them to the Complainant Company and have illegally discharged the trust which is entrusted upon them as per the provisions of law, causing wrongful gain to the Accused No.7 and other unknown person(s) and willful suffering and wrongful loss to the Complainant Company. Thereby, committing criminal breach of trust as a banker and agent. 16. The Accused No. 3, 4, 5 and 6 along with other officers of the Kotak Bank are intentionally screening the real offenders and culprits. They are willfully and deliberately not disclosing their identity (ies) and their complete and true details of the Accused No. 1 & 2. The Accused No. 3, 4, 5, 6 and other Kotak Bank Officials, in their capacity of being the Branch Manager, Area Manager, Relationship Manager and the Regional Manager, respectively are responsible for supervising the day-to-day affairs and working of the Kotak Bank. Hence, all of them in collusion with each other are liable for such illegal activities. 17. The Accused Person(s) have, without the permission of the Complainant Company, dishonestly and with malafide intention, accessed the computer system of the Kotak Bank and downloaded and copied the bank account statement and other unknown confidential information of the Complainant Company from their system(s), thereby committing data theft(s). All the Accused persons and other unknown person(s), fully knowing that the

said confidential information was accessed illegally, dishonestly received, retained and further divulged it, with sole aim & object to cause social & economical harm to the Complainant Company, and damage to their reputation, goodwill and business. 18. It is pertinent to note that this illegal sharing of the Complainant Company's bank statements and other confidential information to the unknown person(s) who illegally demanded the same, resulted in giving them unwarranted access to confidential information such as the names of the Complainant Company's customer(s)/ client(s), etc. and transactions with them. The Complainant Company believes that the Accused No. 7, along with his co-conspirators have used the bank statements to identify and contact customers of the Complainant Company under false pretenses, which has caused considerable harm to the Complainant Company. Thus, severely damaging the reputation, goodwill and business of the Complainant Company. 19. The Accused Person(s), firstly, without any legal authorization secured the access to the Complainant Company's Bank Account/ confidential information. The Accused persons then illegally, with malafide intention generated Bank Account Statement and other confidential information(s) as apprehended by the Complainant Company. Thereafter, in a well-calculated and ugly manner, they illegally disclosed / leaked / divulged the confidential, sensitive and valuable information and data to third party(ies) with an ulterior aim and motive to cause harm and damage to the Complainant Company. 20. Needless to state that the JMD Regent Square Branch Office of the Kotak Mahindra Bank falls within the territorial jurisdiction of your good self. The Bank Account was maintained at the JMD Regent Square Branch of the Kotak Mahindra Bank, which was illegally accessed by the Accused Person(s) and unknown person(s). Therefore, your good self is requested to register an FIR15 against all Accused persons and unknown person(s), so that the said matter can be investigated and wrong-doers/ offenders can be punished as per the low. 21. It is therefore, requested that an F.I.R. may kindly be registered immediately against the Accused Persons under the appropriate provisions of the Indian Penal Code, 1860 along with any other such relevant provisions of law, and a thorough investigation into the offences committed by the Accused persons be conducted to bring them and any unknown person(s) to books 22.I must also assure you my full cooperation during the investigation, as and when required by your good self,Your Truly, SD English Chiranshu Ahuja, For Cyber Root Risk Advisory Private Limited', Chiranshu Ahuja CEO and Authorized Representative, CyberRoot Risk Advisory Private Limited, 023, 5th floor, Tower A, Emaar Digital Greens, Sector 61,Gurugram-122 102. Phone no.+91-8800000830, Email: ceo@crgrp.co, Attested by SI Harish Hooda D-6609 PS Model Town, To,duty officer the above said complaint of Mr.Chiranshu Ahuja autorised representative of "Cyber Root Risk advisory Private Limited" was reveived in PS Model Town vide No.C-1855 dated 30/11/21 The hon'ble court of Shri Mayank Goel Ld. MM 03,North Rohini Court Delhi has now ordered U/s 156.3 Crpc vide CC No.318/2022 dated 24/03/2022 to registered FIR as per the contants and enquiry conducted into the matter, Prime facie an offence U/s 409/34 IPC is made out registered a case and intimate the undersigned for further investigation. Date & Time of incident- Unknown, Place of incident- Kotak Mahindra bank Model town 3rd Delhi, Date & time of producing Note- 29/03/2022 at 03.20Pm, SD English SI Harish Hooda D-6609, कार्यवाही पुलिस अज एक Complaint English मन HC/DO को SI Harish Hooda साहब से केस रजिस्टर करने के लिए प्राप्त हुई। लेख की प्राप्ती पर FIR No. 351/22 U/S 409/34 IPC पंजीकृत कम्पयुटर करके व W/Ct Jyoti No.2055/NW CCTNS Opp. से Computer में Feed करवाकर मूल लेख व Computerized FIR Copy  हवाले SI Harish Hooda साहब की गई। व मुख्य प्रतिलिपि डाक के द्वारा उच्च अधिकारीगणों प्रेषित होगी। बकलम HC/Do

Case 1:21-mc-00006-WO-LPA   Document 26-5   Filed 05/12/23   Page 15 of 16

**13. Action Taken** Since the above information reveals commission of offence(s) u/s as mentioned at Item No. 2:
(की गयी कार्यवाही: चूंकि उपरोक्त जानकारी से पता चलता है कि किया गया अपराध मद सं.2.में उल्लेख धारा के तहत है ):

(i) Registered the case and took up the investigation: OR (या)
(प्रकरण दर्ज किया गया और जांच के लिए लिया गया):

(ii) Directed (Name of the I.O.)(जांच अधिकारी का नाम ): HARISH HOODA  Rank (पद): SI (SUB-INSPECTOR)

No(सं.): 16190461    to take up the investigation (को जांच आपने पास में लेने के लिए निर्देश दिया गया ) OR(या)

(iii) Refused investigation due to(जांच के लिए): OR (के कारण इंकार किया या)

(iv) Transferred to P.S(name)(थाना):   District(ज़िला):
on point of jurisdiction (को क्षेत्राधिकार के कारण हस्तांतरित)

F.I.R read over to the complainant/informant, admitted to be correctly recorded and a copy given to the complainant/informant, free of cost : (शिकायतकर्ता / सूचनाकर्ता को प्राथमिकी पढ़ कर सुनाई गयी, सही दर्ज हुई माना और एक कॉपी निशुल्क शिकायतकर्ता को दी गयी ) :

R.O.A.C.(आर.ओ.ए.सी.):

**14. Signature / Thumb Impression**
of the Complainant / Informant:
(शिकायतकर्ता / सूचनाकर्ता के हस्ताक्षर / अंगूठे का निशान):

**Signature of Officer**

**Name(नाम):** POONAM
**Rank (पद):** HC (HEAD CONSTABLE)
**No.(सं.):** 28011138

**15. Date and Time of despatch to the court:**
(अदालत में प्रेषण की दिनांक और समय):

7