IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No.: 1:21-mc-00006-UA-LPA

*In re* Application of KARAM SALAH AL )
DIN AWNI AL SADEQ and STOKOE )
PARTNERSHIP SOLICITORS for an )
Order under 28 U.S.C. § 1782 to Conduct )
Discovery for Use in Foreign Proceedings )
)

## RESPONSE IN OPPOSITION TO NICHOLAS DEL ROSSO AND VITAL MANAGEMENT SERVICES, INC.'S NOTICE OF FILING OF SUPPLEMENTAL MATERIALS

Applicants Karam Salah Al Din Awni Al Sadeq ("Mr. Al Sadeq") and Stokoe Partnership Solicitors ("Stokoe") (collectively, "Applicants"), through counsel, submit this Response in Opposition to Nicholas Del Rosso and Vital Management Services, Inc.'s Notice of Filing of Supplemental Materials in Support of Motion to Reconsider or Modify (the "Notice") (ECF No. 35).

Respondents' Notice is their most recent attempt to divert the Court's attention from Applicants' Section 1782 Application and Respondents' Rule 59(e) motion by flooding the record with irrelevant factual assertions that relate to Respondents' disputes with another individual, Farhad Azima, in the United Kingdom and the Middle District of North Carolina. The Notice and accompanying attachments are just the latest strategic volley in Respondents' dispute with Azima—who has no role in this proceeding. Regardless of their truth or falsity, Respondents' allegations have no bearing on whether this Court's rulings on the Section 1782 Application were correct or should be

reconsidered. Given their lack of relevance and the fact that, to Applicants' knowledge, these allegations have not been levied in Respondents' litigation with Azima, Applicants believe that Respondents are using this case to publish unfounded allegations against a non-party—an inappropriate use of the system and a distraction from the issues at hand.

As Applicants noted in their Opposition to Respondents' Motion for Reconsideration (ECF No. 33), this strategy of delay and obfuscation only prolongs Mr. Al Sadeq's years-long wait to obtain discovery from Respondents. As this Court has recognized, the discovery Mr. Al Sadeq seeks is relevant to the prosecution of his claims in the United Kingdom for human rights abuses, and he is entitled to that discovery under Section 1782.

The latest developments in the UK proceedings, which Respondents highlight in their Notice, crystallize the urgent need for the Court to finally resolve the status of the Application. Applicants need discovery from Respondents—who now have possession, custody, and control over a laptop containing evidence bearing directly on Mr. Al Sadeq's claims—to illuminate CyberRoot's role in the alleged hacking scheme and Respondents' and their contacts' illicit attempts to obtain confidential information from Stokoe and disrupt Stokoe's representation of Mr. Al Sadeq. The Court has recognized that this evidence is relevant to Mr. Al Sadeq's foreign proceedings. (ECF No. 20, p. 94).

This Court has found on three occasions that Applicants have satisfied the requirements to obtain discovery from Respondents under Section 1782. The Court should ignore Respondents' latest effort to undermine those findings with irrelevant,

2

contested factual assertions and promptly deny Respondents' Motion to Reconsider or Modify so that discovery can proceed.

This 30th day of August 2023.

/s/ Mark W. Merritt
Mark W. Merritt
N.C. Bar No. 12198
mmerritt@robinsonbradshaw.com

Travis S. Hinman
N.C. Bar No. 50779
thinman@robinsonbradshaw.com

Robinson, Bradshaw & Hinson, P.A.
101 N. Tryon St., Suite 1900
Charlotte, North Carolina 28246
Phone: 704.377.2536
Fax: 704.378.3000

*Attorneys for Applicants Karam Salah Al Din Awni Al Sadeq and Stokoe Partnership Solicitors*

4