IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No.: 1:21-mc-00006-UA-LPA

| | |
|---|---|
| *In re* Application of KARAM SALAH AL DIN AWNI AL SADEQ and STOKOE PARTNERSHIP SOLICITORS for an Order under 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings | **Consent Protective Order** |

This matter involves an application by Karam Salah Al Din Awni Al Sadeq and Stokoe Partnership Solicitors (the "Applicants") pursuant to 28 U.S.C. § 1782 to conduct discovery for use in a foreign proceeding. The foreign proceedings with respect to this matter are currently pending in the High Court of Justice of England and Wales, Queen's Bench Division and are captioned: *Karam Salah Al Din Awni Al Sadeq v. Dechert, LLP, Neil Gerrard, David Hughes, and Caroline Black*, Claim No. QB-2020-000322, and *Stokoe Partnership Solicitors v. Dechert LLP and Mr David Neil Gerrard*, Claim No., QB-2020-002492 ("the "Foreign Proceedings"). The Applicants have issued subpoenas to Nicholas Del Rosso and Vital Management (the "Respondents") for the production of documents and for the deposition of Mr. Del Rosso. It appears to the Court that the discovery being pursued in this proceeding may involve the production and disclosure of confidential, proprietary or sensitive information that requires protection against unrestricted disclosure or use.

THEREFORE, it is hereby ORDERED that, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the following confidentiality provisions shall govern all information and documents disclosed in discovery or otherwise in this proceeding pursuant to 28 U.S.C. § 1782:

1. This Consent Protective Order (this "Order") applies to all disclosures, affidavits and declarations and exhibits thereto, deposition testimony and exhibits, discovery responses, documents, electronically stored information, tangible objects, information, and other things used, produced, provided or disclosed in the course of this proceeding by Applicants or Respondents (the "Producing Party") to the other (the "Receiving Party") which may be subject to restrictions on disclosure hereunder (hereinafter referred to as "Material").

2. All Material designated in the course of this action as "Confidential," as that term is defined in Paragraph 5, is to be used only for the purpose of this action and the Foreign Proceedings, including any appeals, and shall not be used, directly or indirectly, for any other purpose whatsoever, and shall not be disclosed to any person or entity except in accordance with the terms hereof. Whenever a document becomes a public record by virtue of its use in the Foreign Proceedings, that document will no longer be considered "Confidential."

3. Nothing in this Order prevents the disclosure of any Confidential Material to lawyers (including paralegals and administrative assistants employed by the lawyers), accountants and auditors for either Applicants or Respondents, (collectively "Recipients"), provided the disclosure to the accountants and auditors is reasonably necessary for tax, financial reporting, or governmental compliance purposes. Prior to disclosure, the Recipients are to be informed of the confidential nature of the disclosed Material and to agree to keep such information confidential by signing the Confidentiality Agreement attached to this Consent Protective Order as Exhibit A.

4. The attorney-client privilege, work product protection, or any other applicable privilege or doctrine is not waived by the inadvertent disclosure of any Material subject to any such privilege or protection, and any such disclosure shall also not constitute a waiver of any applicable privilege or protection in any other foreign, federal or state proceeding. If a Producing Party learns that it has inadvertently disclosed Material subject to such a privilege or protection, the Producing Party shall promptly notify each Receiving Party of the inadvertent disclosure, and each Receiving Party shall promptly destroy or return the originals and all copies of all such Material, which Material shall remain subject to any applicable privilege or protection

3

as if the Material had not been disclosed, and provide written certification of such destruction or return to the Producing Party.

5. "Confidential" means Material that the Producing Party has treated as confidential in the ordinary course of business, which must not have been disclosed publicly, and with respect to which the Producing Party has made a good faith determination that the Material contains information protected from disclosure by statute or that should be protected from disclosure as confidential business or personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive commercial information that is not publicly available. Such information may be disclosed to only Qualified Persons as defined in Paragraph 6 below.

6. With respect to Confidential Material, "Qualified Persons" means:

(a) Judges and court personnel of this Court and the Foreign Proceedings; judges and personnel of any other court where disclosure is necessary in connection with a motion or other matter relating to this action or the Foreign Proceedings (including any appeal); and certified court reporters and videographers acting as such in this action or the Foreign Proceedings;

4

(b)     Attorneys of record for the parties in the Foreign Proceedings and in this proceeding ("Parties" or "Party"), and their employees whose functions require access to Confidential Material;

(c)     Any current director, officer, trustee, principal, manager, member, partner or employee of Applicants or Respondents or the Parties to the Foreign Proceedings, who is not otherwise prohibited by this Order from seeing Confidential Material;

(d)     Any former director, officer, trustee, principal, manager, member, partner or employee of either Party, subject to the execution by each such person of the Confidentiality Agreement to be bound by the terms of this Order attached hereto as Exhibit A;

(e)     Any independent expert, investigator or consultant engaged by a Party or any attorney described in Paragraph 6(b) solely to assist in this action or the Foreign Proceedings, including the expert or consultant's administrative and clerical personnel, subject to the execution by each independent expert or consultant of the Confidentiality Agreement to be bound by the terms of this Order attached hereto as Exhibit A;

5

(f)     Any person who authored and/or was an identified original recipient of the Confidential Material sought to be disclosed to that person; or

(g)     Any other person whom the Producing Party agrees in writing may be provided with Material protected by this Order.

7.     The designation as "Confidential" for purposes of this Order is to be made in the following manner by the Producing Party:

(a)     <u>Paper Documents and Physical Exhibits</u>:  Affixing the legend "Confidential" to each page containing confidential information.

(b)     <u>Magnetic or Optical-Media Documents</u>:     Including the designation on each image.

(c)     <u>Del Rosso Deposition</u>:  By indicating on the record at the deposition that the testimony is Confidential and is to be treated in accordance with this Order.  In that case, the court reporter is to mark the cover page of the transcript "Confidential" (or, where appropriate, particular page numbers and lines).  If a designation is not marked on the record, all Parties are to treat the transcript as having been designated Confidential for a period of 30 days following receipt of the transcript.    During that 30-day period, any Party may designate

6

testimony as Confidential by notifying all other Parties and the court reporter in writing of the specific pages and lines to be designated.

8. Other than court personnel, the recipient of any Confidential Material is to maintain such Material in a secure and safe area to which access is limited, or otherwise use reasonable methods to restrict access to Qualified Persons only. Confidential Material shall not be copied, reproduced, summarized or extracted, except to the extent that such copying, reproduction, summarization or extraction is reasonably necessary for the conduct of this action. All such copies, reproductions, summaries and extractions are subject to the terms of this Order.

9. Before a Party files in this proceeding any Confidential Material (or any pleading, motion or memorandum referring to the content of such Material) so designated by the Producing Party, counsel for the filing Party shall confer with counsel for the Producing Party about how the Confidential Material should be filed. If the Producing Party desires that the Confidential Material be filed under seal, then the filing Party shall file the Confidential Material in accordance with Local Rule 5.4, with notice served on the Producing Party.

7

10. The filing or attempted filing of any Material under seal shall have no effect on the Court's authority and discretion to determine whether and to what extent any Material should be shielded from the public.

11. At any time after the receipt of any Material designated "Confidential," counsel for a Receiving Party may challenge the designation by providing written notice of such challenge to counsel for the Producing Party. Such notice must identify the Material that the challenging Party claims should not be afforded the specified confidential treatment and the reasons supporting the challenge. After notice of the challenge, the Parties are to confer and in good faith attempt to resolve the challenge within five days. If the Parties are unable to resolve the challenge, the Receiving Party may move the Court for appropriate relief. The Party seeking a designation as Confidential bears the burden of establishing that any Material in dispute is entitled to protection from unrestricted disclosure and to such designation. All Material that a Party designates as Confidential is to be accorded such status pursuant to the terms of this Order unless and until the Parties agree in writing to the contrary or a determination is made by the Court as to the confidential status.

12. Applicants and Respondents are to make a good faith effort to designate Material properly at the time of its use or production. However,

8

inadvertent or unintentional disclosure of Material without any designation will not be deemed a waiver of a Producing Party's claim of confidentiality, privilege, or any other protection, either as to the specific document or information contained therein, and the Receiving Parties, upon notice of the unintentional and undesignated disclosure, are to treat such Material as Confidential. A Receiving Party is to make a good faith effort to locate and mark appropriately any Material upon receipt of such notice. If, between the time of production and notification, the subject Material was provided by a Receiving Party to persons other than Qualified Persons as defined herein, the Receiving Party shall promptly notify all non-Qualified Persons to whom the subject Material had been disclosed of such Material's Confidential designation and request that all such non-Qualified Persons return such Material to the Receiving Party or execute the Confidentiality Agreement to be bound by the terms of this Order attached hereto as Exhibit A. In the event that any non-Qualified Person to whom such Material had been disclosed fails or declines to return the Confidential Material or execute Exhibit A, the Receiving Party shall promptly notify the Producing Party and not oppose any reasonable efforts by the Producing Party to retrieve the Confidential Material from the non-Qualified Person or obtain the non-Qualified Person's agreement to abide by the terms of this Order.

9

13. After termination of the later of this action or the Foreign Proceedings, including any appeals, the provisions of this Order will continue to be binding, except with respect to those documents and information that become a matter of public record, and the parties agree to either destroy or return all Confidential Material at the election of the disclosing party. This Court retains jurisdiction over the Parties and recipients of the Confidential Material for enforcement of the provisions of this Order following termination of this action.

14. Any Party designating any person as a Qualified Person has a duty to reasonably insure that such Person observes the terms of this Order.

15. By written stipulation, Applicants and Respondents may provide for agreed-upon exceptions to this Order or may seek an order of this Court modifying this Order.

16. Nothing herein shall be construed or presented as a judicial determination that any Confidential Material so designated for protection under this Order is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

This 8th day of February, 2024.

/s/ Mark W. Merritt
Mark W. Merritt
N.C. Bar No. 12198
mmerritt@robinsonbradshaw.com

**ROBINSON, BRADSHAW & HINSON, P.A.**
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246-1900
Telephone: (704) 377-2536
Facsimile: (704) 378-4000

*Attorney for Applicants*

/s/ Brandon S. Neuman
Brandon S. Neuman
N.C. Bar No. 33590
brandon.neuman@nelsonmullins.com

**NELSON MULLINS RILEY & SCARBOROUGH LLP**
301 Hillsborough St., Suite 1400
Raleigh, North Carolina 27603
Telephone: (919) 329-3878
Facsimile: (919) 329-3799

*Attorney for Respondents*

**SO ORDERED**, this 14th day of February, 2024.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

11

# EXHIBIT A

## CONFIDENTIALITY AGREEMENT

I, the undersigned, hereby acknowledge that I have received and read a copy of the Consent Protective Order ("Order") entered in *In re Application of Karam salah Al Din Awni Al Sadeq and Stokoe Partnership Solicitors*, United States District Court, Middle District of North Carolina, Case No. 1:21-mc-00006-UA-LPA (hereinafter the "Action"), and understand the terms thereof and agree to be bound thereby.

I further acknowledge and understand that any documents and other information produced in the Action (*i.e.*, documents, testimony, written discovery responses and other information provided in the course of pretrial discovery and any information contained therein or derived therefrom) and designated or marked "Confidential" pursuant to the Order may not be disclosed to anyone, except as authorized by the Order, and may not be used for any purpose other than the purposes of the Action. I agree to return (or, upon request, destroy) any Confidential Material at the conclusion of the Action or the Foreign Proceedings captioned *Karam Salah Al Din Awni Al Sadeq v. Dechert, LLP, Neil Gerrard, David Hughes, and Caroline Black*, Claim No. QB-2020-000322, and *Stokoe Partnership Solicitors v. Dechert LLP and Mr David Neil Gerrard*, Claim No., QB-2020-002492.

Dated: _____, 20__.

_____
Print Name

_____
Signature

Case 1:21-mc-00006-WO-LPA    Document 40    Filed 02/14/24    Page 13 of 13